**CGM VALVE & GAUGE CO.,**
**Appellant,**

**v.**

**ENERGY VALVE, INC., Appellee.**

**No. A14–85–253–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 10, 1985.

Patricia Hancock, Steven P. Mock, of Pendergraft, Elam & Simon, Houston, for appellant.

William Van Fleet, of Rucker & Van Fleet, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This appeal is from a summary judgment granted in favor of Energy Valve, Inc. (Energy), appellee and plaintiff below. Energy brought a suit on a sworn account against CGM Valve & Gauge Co., Inc. (CGM), appellant and defendant below, for CGM's failure to pay for a valve sold to it on or about March 20, 1984. The trial court granted Energy's Motion for Summary Judgment and awarded it $35,000.00, which represented the principal amount of the debt, plus $1,225.00 in pre-judgment interest, together with attorney's fees in the amount of $10,500.00, and interest on the entire amount at the rate of 10.32 percent per annum from the date of judgment until paid. CGM appeals, advancing six points of error. We reverse and remand.

In its first three points of error, CGM complains that the trial court erred in granting Energy's Motion for Summary Judgment because the summary judgment evidence failed to prove the essential elements of the cause of action. Appellant argues in its fourth point that it was error to grant the motion because Energy failed to substantiate the account under the Rule

803(6) of the Texas Rules of Evidence. In its fifth point of error, CGM asserts that the trial court erred because Energy's summary judgment evidence failed to show that all offsets, payments and credits had been allowed to CGM. Appellant argues in its final point that the trial court erred in granting a final summary judgment which disposed of all parties and issues before it. Because of our disposition of appellant's fifth point of error, we do not find it necessary to reach the other points.

■ The facts may be briefly summarized. Appellee brought a suit on a sworn account against appellant in accordance with Rule 185 of the Texas Rules of Civil Procedure. That Rule provides as follows:

When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall file a written denial, under oath. A party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided, however, that if he does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be. No particularization or description of the nature of the component parts of the account is necessary unless the trial court sustains special exceptions to the pleadings.

Tex.R.Civ.P. 185. The affidavit of Marik Menger, president of Energy, attached to appellee's Original Petition states that "all just and lawful offsets, payments and credits have been allowed." In response to Energy's petition, appellant filed an unsworn general denial. Appellee moved for a summary judgment on the ground that appellant failed to file a verified denial, as required by Rule 185. Appellant then filed a sworn denial, and Energy thereafter filed its second Motion for Summary Judgment based on the sworn account. Attached to this motion were the invoice detailing the account, the affidavit of Energy's attorney in support of attorney's fees, and the affidavit of Marik Menger in support of the motion. Menger's affidavit states that "all just and lawful offsets, payments and credits have been allowed, to which *Energy Valve, Inc.* may be entitled with regard thereto." (Emphasis added). In response to appellee's motion, appellant filed an unverified Second Amended Answer and Opposition to Motion for Summary Judgment, alleging, among other things, that all just and lawful offsets, payments and credits had not been allowed. Appellant offered no summary judgment evidence in support of this allegation in its amended answer. That allegation is merely a legal conclusion; it is axiomatic that legal conclusions are insufficient to raise issues of fact and will not preclude the entry of summary judgment if the summary judgment proof tendered is sufficient to support the granting of the motion. *Life Insurance Co. of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978); *Smith v. Christley,* 684 S.W.2d 158 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Appellant argues in point of error number five that appellee's summary judgment evidence failed to prove that all just and lawful offsets, payments and credits had been allowed *to CGM,* as Rule 185 requires. The trial court had before it Energy's verified Original Petition, its Motions for Summary Judgment and the invoice and affidavits attached to its second Motion for Summary Judgment. These pleadings and proofs are facially conflicting, in that the pleadings allege that all lawful offsets, payments and credits have been allowed *to CGM,* but prove that all lawful offsets,

payments and credits have been allowed to *Energy.*

 It is settled in summary judgment law that the burden of proof is on the movant, and all doubts as to the existence of a genuine issue of material fact are resolved against him. Any conflicts in the evidence are disregarded, and the evidence which tends to support the position of the nonmovant is accepted as true. *Farley v. Prudential Insurance Co.,* 480 S.W.2d 176 (Tex.1972); *Mitchell v. Jones,* 694 S.W.2d 61 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Martin v. Petta,* 694 S.W.2d 233 (Tex.App.—Fort Worth 1985, writ requested). We find appellee's summary judgment proof has failed to establish as a matter of law that there is no genuine issue of material fact as to an essential element of its cause of action. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex. 1970). Although the conflict appears to have been an oversight, Energy has nonetheless created a material conflict in its summary judgment evidence which cannot be overlooked.

Therefore, the judgment of the trial court is reversed, and the case is remanded for proceedings not inconsistent with this opinion.