**GREAT–NESS PROFESSIONAL
SERVICES, INC., et al.,
Appellants,**

v.

**FIRST NATIONAL BANK OF
LOUISVILLE, Appellee.**

No. B14–85–595–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 30, 1986.

Rehearing Denied Feb. 27, 1986.

Gary McConnell, Angleton, for appellants.

Richard Roberson, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

OPINION

SEARS, Justice.

This is an appeal by Writ of Error by Great-Ness Professional Services, Inc., Clyde R. Greathouse and Carolyn J. Greathouse, appellants, from a summary judgment granted to the First National Bank of Louisville, appellee. The central issue in this appeal is whether the misclassification of the specific ground for summary judgment is sufficient to defeat the summary judgment. We believe that it is; therefore, the judgment of the trial court is reversed.

In 1978, appellant Great-Ness executed a lease contract with appellee wherein appellant agreed to lease certain equipment for a period of seven years at a fixed lease rental of $728.91 per month. Appellants Clyde and Carolyn Greathouse personally guaranteed the performance of appellant Great-Ness pursuant to the terms and conditions of the lease agreement. On or about February 10, 1984, appellant Great-Ness defaulted in the payments due under the lease agreement. Appellee advised appellants of the default and of appellee's election to accelerate the maturity of the monthly payments pursuant to the terms of the lease. Appellee then filed a lawsuit for the *breach of the lease agreement* and prayed for past due rentals and acceleration of future rents due and owing pursuant to the terms of the lease agreement. Appellants filed a pro se answer and paid $2,325.57 toward past-due rentals. Appellee then filed a motion for summary judgment alleging as grounds therefor: "This is a suit on a sworn account." The Motion for Summary Judgment alleged the existence of a lease agreement; that appellants had defaulted in making payments on the *account;* that all just and lawful offsets, credits and payments had been allowed; that appellee had made demand upon appellants to pay the balance due and owing; that appellants failed and refused and continue to fail and refuse to pay the debt owing; and that there exist no genuine issues as to any material facts relating to the liability of appellants for the *account* made the basis of this litigation. Appellee further alleges that appellants Clyde and Carolyn Greathouse had personally guaranteed payment of the monies due under the lease agreement and prays for a judgment in favor of appellee and against all appellants. The Motion for Summary Judgment is accompanied by the affidavit of Guy Spalding, Corporate Services Officer for appellee. The affidavit alleges that the affiant has read the foregoing Motion for Summary Judgment and that "the statements contained therein are true and correct." The remainder of the affidavit alleges the lease agreement, the breach, the monies due, the just and lawful offsets, credits or payments, and the demand for the balance due and owing. Also attached to the Motion for Summary Judgment is the affidavit of appellee's attorney, setting forth the amount and the reasonableness of the attorney's fees requested in the Motion for Summary Judgment.

While there is language in the Motion for Summary Judgment and the affidavit regarding the existence of a lease agreement, there is no allegation that the specific ground for recovery pursuant to a summary judgment is breach of contract or breach of a lease agreement. To the contrary, the only allegation of a specific ground for recovery is that on a sworn account.

▆ Appellee's cause of action against appellants herein is not a suit on a sworn account as a matter of law. In order to qualify as a suit on account pursuant to Rule 185 of the Texas Rules of Civil Procedure, the account or liquidated money demand based upon a written contract must involve a claim for goods, wares, merchandise, personal services rendered or labor done or labor or materials furnished. A lawsuit based upon breach of a lease agreement is not a suit based upon a sworn account because there has been no purchase and sale, and title to personal property has not passed from one party to the other. *See Meineke Discount Muffler Shops v. Coldwell Banker Property Management Co.*, 635 S.W.2d 135 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.), and the cases cited therein. Further, appellee's Original Petition upon which the Motion for Summary Judgment is based was not a sworn pleading as required by Rule 185.

Summary judgments exist today in Texas jurisprudence solely because of and pursuant to Rule 166–A of the Texas Rules of Civil Procedure. Rule 166–A is not designed to deprive parties of a trial on the merits on any fact issues, but exists solely as a means of early termination of those lawsuits that clearly involve only questions of law and wherein no genuine issue of material fact is in dispute. *See generally* Hittner, *Summary Judgments in Texas,*

35 Baylor L.Rev. 207 (1983). The leading Texas opinion in the area of summary judgments is *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex. 1979). In *Clear Creek*, the Texas Supreme Court clearly established the necessity of strict compliance with the requirements of Rule 166–A when it held: "The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law." And further, "[s]ummary judgments must stand on their own merits...." *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d at 678 (citations omitted).

■ Rule 166–A(c) provides that "[t]he motion for summary judgment shall state the specific grounds therefor." The movant must establish his entitlement to a summary judgment on the issues *expressly presented* to the trial court and cannot be granted a judgment as a matter of law on a cause of action not specifically addressed in the summary judgment proceeding. Also note cases cited in *Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563 (Tex.1983).

■ We recognize that there is apparently no genuine material fact issue in controversy in this lawsuit, and we recognize further that a properly worded motion for summary judgment, based upon breach of a lease agreement, will in all probability be granted by the trial court. We are nonetheless faced with a motion for summary judgment alleging as a specific ground therefor *a suit on a sworn account.* While the balance of the Motion for Summary Judgment and the affidavit in support thereof may allude to a cause of action based upon breach of a lease agreement, we cannot infer or imply grounds for granting the motion for summary judgment other than those specific grounds expressly set forth in the motion. *Texas State Investors, Inc. v. Kent Electric Co.*, 620 S.W.2d 841 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

The facts of this case are similar to those found in *CGM Valve and Gauge Co. v. Energy Valve, Inc.*, 698 S.W.2d 253 (Tex. App.—Houston [14th Dist.] 1985, no writ). In the *CGM Valve* case, the movant sought summary judgment on a suit on a sworn account and alleged that all just and lawful offsets had been credited to the appellant. The proof, however, was that all just and lawful offsets had been allowed to *appellee.* The mistake was obviously a typographical error or a conflict caused by oversight. However, this court held that where a material conflict existed between the pleadings and the proof, the conflict could not be overlooked and summary judgment was not proper even though the conflict was caused by an oversight. *CGM Valve & Gauge Co. v. Energy Valve, Inc.*, 698 S.W.2d at 255. While this court is always interested in and mindful of judicial economy, and while we hesitate to reverse cases because of typographical errors or oversight, we believe that it is the duty of the movant in a summary judgment proceeding to comply expressly with each and every requirement of Rule 166–A. Where there is a variance between the pleadings and the proof and where the proof fails to support the *specific* ground or grounds alleged in the motion for summary judgment, the appellate courts cannot read between the lines, infer or glean from the pleadings or the proof any grounds for granting the summary judgment other than those grounds expressly set forth in the motion for summary judgment.

Appellants' point of error is sustained; the judgment is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.