**The CADLE COMPANY, Appellant,**

**v.**

**BANKSTON & LOBINGIER, A Partnership, Betty C. Bankston, Individually, and as Independent Executrix of the Estate of John R. Bankston, the Community Estate of John R. Bankston and Betty C. Bankston, David B. Lobingier and the Community Estate of David B. Lobingier and Gay A. Lobingier, Appellees.**

**No. 2–93–054–CV.**

Court of Appeals of Texas,
Fort Worth.

Jan. 12, 1994.

Rehearing Overruled Feb. 15, 1994.

---

TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(a) (Vernon Supp.1994).

Caolo, Meier & Jones, and Michael L. Jones and Randall K. Lindley, Dallas, for appellant.

Law Office of Kathryn S. Lanford and Kathryn S. Lanford, Fort Worth, for appellee Betty C. Bankston.

David B. Lobingier, Fort Worth, for appellee David B. Lobingier.

Before FARRIS, WEAVER and HICKS, JJ.

## OPINION

FARRIS, Justice.

The Cadle Company appeals from a take-nothing judgment in its suit against Bankston & Lobingier, a partnership, et al., (B & L), to recover on a promissory note and a judgment for David B. Lobingier on his coun-

terclaim for breach of contract. On appeal, Cadle complains the trial court erred in directing the verdict against it and in admitting exhibits concerning Lobingier's inability to obtain credit, and the evidence does not support the findings of fact. Cadle further contends deemed admissions do not support the judgment because contradictory evidence was admitted without objection and no instructed verdict was entered for Bankston.

We overrule all points of error and affirm the judgment because: Cadle did not introduce evidence that *contradicted* the deemed findings; Bankston was included in the judgment without objection; Lobingier established a valid defense to Cadle's claim; Cadle and Bankston's widow established no partnership existed when the note was executed; and the uncontroverted deemed admissions render the remaining points untenable.

Through a series of assignments, Cadle became the owner of a $48,000 promissory note that Lobingier executed in favor of Park Central Bank, N.A. After notifying B & L it had acquired the note, Cadle demanded full payment. B & L did not pay and Cadle filed the instant suit.

In a separate suit, Cadle sought to recover payment from Lobingier on a note he executed individually. A partial summary judgment was entered against Lobingier and he was ordered to pay the note. Lobingier now counterclaims Cadle promised, and failed, to reverse his adverse credit history when he paid the note. Cadle maintains it notified the credit bureau the note had been paid and this was all it was obligated to do.

At the close of Cadle's evidence, Lobingier moved for a directed verdict and the trial court granted it, finding Cadle failed to prove the note was an obligation of the partnership of B & L and its balance. The trial court also entered judgment for Lobingier on his counterclaim finding a contract existed, Cadle breached that contract, and Lobingier sustained damages therefrom in the amount of $300,000.

█ In its first point of error, Cadle claims the trial court erred in directing the verdict against it because it did not have the burden of proving the balance due on the note since B & L did not plead and prove payment. To the contrary, we find B & L adequately pled and proved it fulfilled its obligation to Cadle and Cadle did not rebut the proof.

█ A court of appeals must affirm the trial court's ruling on a motion for directed verdict if the appellant fails to present some legally sufficient evidence of each element of the cause of action it raised below. *See, e.g., Cecil v. Zivley*, 683 S.W.2d 853 (Tex.App.—Houston [14th Dist.] 1984, no writ). To recover on a promissory note, the plaintiff must prove the note was executed by the defendant, the plaintiff is the present holder of the note, and the note has been introduced into evidence. TEX.BUS. & COM.CODE ANN. § 3.307(b) (Tex.UCC) (Vernon 1968); *Federal Sav. and Loan Ins. Corp. v. Atkinson–Smith University Park Joint Venture*, 729 F.Supp. 1130 (N.D.Tex.1989).

█ In the instant case, the note was admitted into evidence and Lobingier did not deny he executed it. When the signatures are admitted or established, production of the instrument entitles a holder to recover on it *unless* the defendant establishes a defense. *Strickland v. Coleman*, 824 S.W.2d 188, 192 (Tex.App.—Houston [1st Dist.] 1991, no writ) (emphasis added).

In his amended answer, Lobingier asserted a defense equivalent to payment. Specifically, he claimed he was entitled to a *set-off* against the indebtedness as alleged and he *tendered full payment*. Lobingier sought to establish these defenses in his first request for admissions by asking Cadle to admit or deny the genuineness of the following facts:

> Admit or deny that Defendant Lobingier made a tender of all amounts due and owing to the FDIC, as a result of any indebtedness by Defendant to Park Central Bank N.A.

> Admit or deny that the tender to the FDIC by defendant was made on August 30, 1990 and November 11, 1990.

Admit or deny that the tender to the FDIC by defendant was as to all sums due and owing on any indebtedness to Park Central Bank, N.A.

Admit or deny that Plaintiff is not a holder in due course of the note made the basis of Plaintiff's Original Petition.

Admit or deny that Defendant Lobingier is entitled to credits and offsets to any indebtedness purportedly due as a result of the rendering legal services to Park Central Bank, N.A.

Admit [or deny] that the amount of credits and offsets Defendant Lobingier is entitled to is the sum of $12[,]753.33 plus interest thereon at the rate of 6% per annum from August 22, 1989.

Cadle failed to answer this request; therefore, the facts therein were automatically deemed admitted unless the court, on motion, permitted their withdrawal or amendment, *see* TEX.R.CIV.P. 169 and *Marshall v. Vise*, 767 S.W.2d 699 (Tex.1989), or the party relying on the admissions failed to object when *contradictory* evidence was introduced. *See id.* at 700. Cadle claims one of its officers, Jeff Joseph, contradicted Lobingier's tender and set-off defenses. After reviewing the record, we find Joseph's testimony did no such thing. Joseph testified Lobingier did not tender payment or provide legal services to *Cadle,* but he did not testify Lobingier did not tender payment to the FDIC or provide services to Park Central Bank, N.A. Therefore, no evidence *contrary* to the deemed admissions was admitted. Because the trial court did not permit Cadle to withdraw or amend the requests and the admissions therein were not waived, they were deemed admitted.

Consequently, Cadle admitted it was not a holder in due course so it was a payee who held the note subject to all defenses available in an action on a *simple contract.* TEX.BUS. & COM.CODE ANN. § 3.306(2), (3) (Tex.UCC) (Vernon 1968); *Strickland,* 824 S.W.2d at 192. Set-off and tender are defenses to liability on a simple contract.

Although Cadle alleged an indebtedness of $12,171.24, plus interest, attorney's fees, and court costs, it is deemed to have admitted the balance on the debt was offset by attorney's fees of $12,753.33, leaving no principal balance due. As for the interest, attorney's fees, and court costs, Cadle is deemed to have admitted B & L tendered full payment and this relieved Lobingier of liability for subsequent interest, costs, and attorney's fees. *See id.* Because Lobingier introduced evidence on a valid defense, to prevail Cadle had to produce contradictory testimony, which it did not do. Point of error one is overruled.

In its second point of error, Cadle complains it established the note was an obligation of the partnership and the trial court's finding to the contrary is against the great weight and preponderance of the evidence.

Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson,* 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). In reviewing a point of error asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Ford Motor Co. v. Nowak,* 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

The death of a partner dissolves the partnership. TEX.REV.CIV.STAT.ANN. art. 6132b, § 31(4) (Vernon 1970); *Texaco, Inc. v. Wolfe,* 601 S.W.2d 737 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Cadle's pleading established no partnership existed when the note was executed. Specifically, Cadle acknowledged John R. Bankston, a partner in B & L, died on January 9, 1988, and the promissory note was executed on August 18, 1988, seven and one-half months

after Bankston's death. In addition, the record contains a *verified denial* executed by Betty C. Bankston, individually and as executrix, which demonstrates no partnership existed on August 18, 1988.[1] Further, Cadle produced no evidence Lobingier bound the partnership after it dissolved under TEX.REV. CIV.STAT.ANN. art. 6132b, § 35(1)(b)(I) (Vernon 1970). Point of error two is overruled.

Cadle's third, fifth, sixth, seventh, and eighth points of error challenge the legal and factual sufficiency of the evidence to support the trial court's findings on Lobingier's counterclaim.

The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, *First Nat'l Bank in Dallas v. Kinabrew*, 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), by the standards applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). In reviewing a no evidence point, we consider only the evidence and inferences that support the finding, *Jacobs v. Danny Darby Real Estate*, 750 S.W.2d 174, 175 (Tex. 1988), and we view all the evidence in the record when considering the sufficiency of the evidence. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). After we review the relevant evidence, we set aside the verdict only if the evidence standing alone is too weak to support the findings or if the findings are so against the overwhelming weight of the evidence that the verdict is manifestly unjust and clearly wrong. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634 (Tex. 1986) (opinion on reh'g).

Cadle's third point concerns the sufficiency of the evidence to support the trial court's finding it and Lobingier entered into an agreement whereby Cadle, for valuable consideration, was to withdraw all adverse credit reports it had filed with any reporting agency.

The evidence supporting the trial court's finding is Cadle's deemed admission and Lobingier's testimony. Cadle claims evidence to the contrary is a letter from Lobingier to Cadle's counsel which references an agreement to report the note "paid" rather than "withdraw" any adverse credit rating. Although this establishes a discrepancy, it does not establish a conflict in the evidence. Instead, we find the letter evidenced the underlying agreement and the deemed admission established proof of a contemporaneous oral agreement expanding Cadle's responsibility. On balance, the evidence is sufficient to support the trial court's finding. Point of error three is overruled.

In its fifth and sixth points of error, Cadle challenges the findings that it breached its agreement with Lobingier and failed to withdraw an adverse credit rating it filed against him with TRW, a credit reporting agency.

The evidence supporting these findings includes Lobingier's testimony and the deemed admissions:

> [Cadle] failed to withdraw an adverse credit report on Defendant Lobingier filed with TRW even though Defendant Lobingier has satisfied and fulfilled the agreement with [Cadle].

> [Cadle] has breached its agreement with Defendant Lobingier in Cause No. 342–132789–91, said agreement being to withdraw any and all adverse credit reports filed by [Cadle] with any credit reporting agency.

Although Cadle's account officer, Jeff Joseph, testified he made no agreement with Lobingier, this does not contradict the deemed admissions because Lobingier testified he made the agreement with Cadle through its attorney and agent, Mark Winnubst, not Joseph. After reviewing this evidence, we find it sufficient to support the findings. Points of error five and six are overruled.

In points of error seven and eight, Cadle claims the findings Lobingier suffered

---

1. Betty C. Bankston denied "she or John R. Bankston executed, had knowledge of the execution of, or authorized the execution of the Note...."

damages and injuries as a proximate result of it having breached the agreement, and Lobingier suffered damages therefrom in the amount of $300,000, are not supported by the evidence.

 A party may recover damages for loss of credit or injury to credit reputation in a breach of contract action where the evidence sufficiently shows the loss is the natural, probable, and foreseeable result of the defendant's breach. *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685 (Tex.1981). Here, the evidence includes Lobingier's testimony he was denied credit because Cadle did not withdraw the adverse credit rating and he has suffered severe mental anguish therefrom. In particular, the Veteran's Land Board denied him a loan causing him to procure less favorable terms from another lender. Also, Home Depot denied him credit and Landmark Bank refused to renew his loan. Further, Lobingier testified, without objection, this situation took a great deal of his time away from his practice and he suffered damage in mental anguish. Finally, there is a deemed admission:

> [T]hat as a proximate result of the breach of the agreement with Defendant Lobingier by [Cadle], that Defendant has suffered damages and injuries in the form of damage to his credit and credit reputation.

This admission was not waived by the admission of controverting evidence; therefore, this evidence is sufficient to show Lobingier suffered adverse consequences and injury from Cadle's actions entitling him to damages. *See American Bank v. Waco Airmotive*, 818 S.W.2d 163 (Tex.App.—Waco 1991, writ denied).

 The damages award is discretionary with the fact finder. *Id.* In light of the above evidence, the fact that Cadle did not object to testimony concerning mental anguish damages and did not challenge the propriety of mental anguish damages in a breach of contract action, and the following uncontroverted admission, we hold the evidence sufficient to support the court's findings.

> [T]he damages suffered by Defendant Lobingier to his credit and credit reputation are in the sum of $500,000.00.

Points of error seven and eight are overruled.

In point of error four, Cadle complains the trial court erred in admitting defendants' exhibits 3, 4, 5, and 6, which concern Lobingier's ability to obtain credit, because they were hearsay.

 To obtain reversal of a judgment based upon error of the trial court in admission or exclusion of evidence, the following must be shown: (1) the trial court did in fact commit error; and (2) the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989). Regardless of whether the trial court erred in admitting the exhibits, their admittance did not affect the judgment because the same facts were established by Lobingier's testimony and the following deemed admissions:

> Admit or deny that Plaintiff has failed to withdraw an adverse credit report on Defendant Lobingier filed with TRW even though Defendant Lobingier has satisfied and fulfilled the agreement with Plaintiff.

> Admit or deny that as a proximate result of the breach of the agreement with Defendant Lobingier by Plaintiff, that Defendant has suffered damages and injuries in the form of damage to his credit and credit reputation.

These admissions were not controverted. Point of error four is overruled.

The judgment is affirmed.