COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-191-CV

 

 

ROBERT
V. MARK AND                                                      APPELLANTS

DIANNE L. MARK

                                                   V.

 

HOUSEHOLD
FINANCE                                                            APPELLEE

CORPORATION III

                                              ------------

 

            FROM THE 96TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

The trial court granted summary judgment for
Appellee Household Finance Corporation III on its foreclosure action against
Appellants Robert V. Mark and Dianne L. Mark (collectively, Athe
Marks@), and
the Marks appeal.  Because we hold that
the trial court erred by granting summary judgment, we reverse.








Household Finance sued the Marks seeking judicial
foreclosure of the Marks= homestead property under a deed
of trust.  After the Marks filed a
general denial, Household Finance filed a traditional motion for summary judgment,
asserting that it had brought suit on a sworn account under rule 185 of the
rules of civil procedure and that its evidence established its right to recover
on that cause of action as a matter of law. 
The trial court granted summary judgment, and this appeal followed.

We review a summary judgment de novo.[1]  A plaintiff is entitled to summary judgment
on a cause of action if it conclusively proves all essential elements of the
claim.[2]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[3]








The Marks bring four points on appeal.  In their first point, they assert that
summary judgment was improper because Household Finance sought and was granted
summary judgment on an impermissible basis under a sworn account theory
inapplicable to the case.  They allege
that Household Finance=s claims, which relate to an
alleged balance on a promissory note, are not susceptible to resolution by an
action on a sworn account.  Because
Household Finance did not seek summary judgment on a ground for which such
relief might be granted, they argue, the trial court=s
summary judgment should be reversed.

To constitute an action on a sworn account under
rule 185, Athe account or liquidated money
demand based upon a written contract must involve a claim for goods, wares,
merchandise, personal services rendered or labor done or labor or materials
furnished.@[4]  A suit to foreclose on real property, on the
other hand, is a legal proceeding seeking the satisfaction of a debt through
foreclosure of lien on real property.[5]  The basis of such an action is a promissory
note secured by a deed of trust or mortgage on real property.[6]  In Household Finance=s brief,
it states that its suit was a suit to foreclose on a lien and not a suit on a
sworn account.








In its original petition, Household Finance did
seek judicial foreclosure of the deed of trust. 
But in its summary judgment motion, it stated that its cause of action
was Abased on
an itemized and verified statement of account.@  It further stated that the Aevidence
establishes [Household Finance=s] right
to recover under the Sworn Account cause of action.@  It unequivocally states that A[Household
Finance=s] suit
is brought on a sworn account under [rule 185].@  Finally, it argued that the Marks had not
filed a verified denial of the sworn account, entitling Household Finance to
judgment as a matter of law under rule 185.[7]  Thus, although Household Finance=s pled
cause of action was for foreclosure of the deed of trust, its summary judgment
motion sought judgment based on the right to judgment on an action on a sworn
account.








Summary judgment may only be granted on the
specific grounds asserted in the motion.[8]  In Great-Ness Professional Services, Inc.
v. First National Bank of Louisville, the Fourteenth Court of Appeals
considered whether the trial court erred by granting summary judgment on a
breach of a lease agreement action when the only specific ground for relief
asserted in the summary judgment motion was that on a sworn account.[9]  There was no allegation in the motion that
the specific ground for recovery was breach of contract or breach of a lease
agreement.[10]  The court noted that A[a]
lawsuit based upon breach of a lease agreement is not a suit based upon a sworn
account because there has been no purchase and sale, and title to personal
property has not passed from one party to the other.@[11]  And a movant must establish its right to
summary judgment on issues expressly presented to the trial court; the movant Acannot
be granted a judgment as a matter of law on a cause of action not specifically
addressed in the summary judgment proceeding.@[12]  Although the movant=s motion
may have alluded to a cause of action based upon a breach of a lease agreement,
the trial court could not infer or imply grounds for summary judgment.[13]  Accordingly, the court of appeals concluded
that because the movant=s cause of action was for breach
of a lease agreement, but its summary judgment ground was for an action on a
sworn account, the trial court erred by granting summary judgment.[14]








Similarly, in this case, the only specific ground
Household Finance expressly asserted in its motion was for an action on a sworn
account.  An action for judicial
foreclosure on a lien on real property is not an action on a sworn account
because it is not a claim founded upon the provision of personal property or
personal services.[15]  Thus, because the only specific ground in the
summary judgment motion was Household Finance=s right
to judgment on an action on a sworn account, the trial court erred by granting
summary judgment for Household Finance on its foreclosure action.








We note that this court=s
opinion in Gillis[16]
is distinguishable.  The issue in that
case was whether the trial court had granted summary judgment on a cause of
action that was never pled.  MBNA
referred to its claim as a Asuit on
an account,@ i.e., a credit card
account.  In its summary judgment motion,
MBNA did not characterize its suit as a Asuit on
a sworn account,@ it did not use other language
to indicate its claim was for a suit on a sworn account (for example, by
asserting the lack of a verified denial as a ground for judgment), and it
specifically incorporated its pleadings by reference and prayed for summary
judgment Aas prayed for in [its original
petition].@ 
That original petition asked the trial court to confirm an arbitration
award on its suit on an account that it had brought against Gillis.  Its motion for summary judgment was clearly
based on and pointed to the claims it pled in its original petition.  And the ground asserted by incorporation was
the ground on which summary judgment was granted.  That case does not stand for the proposition
that a trial court may grant summary judgment on a ground not asserted in a
summary judgment motion.








Here, the issue is whether the only ground
asserted in Household Finance=s
summary judgment motion is one for which it could obtain the judicial
foreclosure it prayed for in its petition. 
Unlike in Gillis, Household Finance did not expressly incorporate
its pleadings into its motion for the purpose of stating summary judgment
grounds, so this court could not consider the pleadings as alleging another
ground for summary judgment.[17]  Although nonmovants must make an exception
should they wish to complain on appeal that the movant=s
grounds were unclear or ambiguous,[18]
the Marks make no such complaint here. 
Household Finance had to establish its entitlement to summary judgment
on the issue expressly presented to the trial court and could not be granted
judgment as a matter of law on a cause of action not specifically addressed in
its motion for summary judgment.  This
court=s holding
in Gillis did not deviate from the supreme court=s
mandate that A>[a]n
appellate court cannot Aread between the lines, infer or
glean from the pleadings or the proof@ any
grounds for granting the summary judgment other than those grounds expressly
set forth before the trial court in the motion for summary judgment.=@[19]  We sustain the Marks= first
point.

Having sustained the Marks= first
point, which is dispositive,[20]
we reverse the judgment of the trial court and remand this case for further
proceedings.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  CAYCE, C.J.; DAUPHINOT
and WALKER, JJ.

CAYCE, C.J. filed a dissenting opinion.

DELIVERED:  August 31, 2009











 
 
 
 
 
 
 




 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-191-CV

 

 

ROBERT V. MARK AND                                                      APPELLANTS



DIANNE L. MARK

                                                   V.

 

HOUSEHOLD
FINANCE                                                            APPELLEE

CORPORATION III

                                              ------------

 

            FROM THE 96TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                   DISSENTING OPINION

 

                                              ------------








I respectfully dissent.  The summary judgment order reflects that the
relief awarded by the trial courtCa
judicial foreclosure to recover on a loan agreement and deed of trustCis
exactly the relief Household sought in its live pleading and in its summary
judgment motion.  The record does not
contain any special exceptions from the Marks seeking clarification about the
relief sought by way of the summary judgment motion.  Under these circumstances, any error in the
summary judgment motion in identifying or labeling the cause of action under
which relief was sought is harmless.[1]  I would, therefore, overrule the Marks=s first
point.

In their second point, the Marks contend that
summary judgment was improper because Household did not establish legal
ownership of the promissory note and lien upon which it sued.  Under Texas law, to recover on a promissory
note, a plaintiff must prove four elements: 
(1) the existence of the note; (2) that defendants signed the note; (3)
that plaintiff is the legal owner and holder of the note; and (4) that a
certain balance is due and owing on the note.[2]








In FFP Marketing Co. v. Long Lane Master Trust
IV,[3] we stated that Aa
photocopy of a note attached to the affidavit of the holder, who swears that it
is a true and correct copy of the note, is sufficient as a matter of law to
prove the status of owner and holder of the note absent controverting summary
judgment evidence.@[4] 
Household verified two documentsCits
original petition and the demand letter from its counselCthat
identify it as the legal owner and holder of the note.  This evidence sufficiently established that
Household owned and held the note and lien, shifting the burden to the Marks to
present controverting summary judgment evidence.[5]  The Marks did not present any summary
judgment evidence.  I would, therefore,
overrule the Marks=s second point.

In their third and fourth points, the Marks
challenge Household=s summary judgment evidence as
incompetent, inconsistent, and unreliable. 
I address each of the Marks=s
specific complaints in turn:

The Marks assert that the affidavit of Tom Lenz,
filed in support of Household=s
summary judgment motion, is incompetent as a business record affidavit.  However, the Marks did not obtain a ruling
from the trial court on any objections to the Lenz affidavit.  Accordingly, this ground is waived.[6]








The Marks also argue that the Lenz affidavit is
incompetent because Lenz does not assert directly in the affidavit that
Household is the legal owner and holder of the note and lien.  But the Lenz affidavit states that Lenz has
reviewed the assertions of fact in Household=s
original petition and swears that those assertions are true and correct.  Among the assertions in Household=s
petition is that Household Ais the
legal owner and holder of the Loan Agreement and Deed of Trust.@  The affidavit sufficiently alleged ownership.

The Marks further assert that the Lenz affidavit
is unreliable and inconsistent because it refers to an interest rate different
than the one stated on the promissory note. 
The Marks failed, however, to present this issue to the trial court and
raise it for the first time on appeal. 
This issue is, therefore, waived.[7]

Finally, the Marks contend that Household=s
failure to produce the promissory note as part of its summary judgment evidence
precludes summary judgment for Household. 
The Marks overlook that Household did not sue directly on the note but
rather sought a declaratory judgment for judicial foreclosure based on the loan
agreement and deed of trust. 
Accordingly, I would hold that the trial court did not err by granting
summary judgment, despite the absence of the promissory note from the summary
judgment proof,[8] and overrule the Marks=s third
and fourth points.








For the foregoing reasons, I would affirm the
trial court=s summary judgment.

 

 

JOHN
CAYCE

CHIEF
JUSTICE

 

DELIVERED:  August 31, 2009











[1]Valence Operating Co. v.
Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).





[2]See Tex. R. Civ. P. 166a(a),
(c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).





[3]IHS Cedars Treatment Ctr.
of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).





[4]Great-Ness Prof'l Servs.,
Inc. v. First Nat'l Bank of Louisville, 704 S.W.2d 916, 917 (Tex. App.CHouston [14th Dist.]
1986, no writ).





[5]See Sloan v. Owners
Assoc. of Westfield, Inc., 167 S.W.3d 401, 403B04 (Tex. App.CSan Antonio 2005, no pet.).





[6]See Cunningham v. Buel, 287 S.W. 683, 686 (Tex.
Civ. App.CSan Antonio 1926, no
writ).





[7]See Tex. R. Civ. P. 185
(stating that if a party resisting a sworn claim under the rule Adoes not timely file a
written denial, under oath, he shall not be permitted to deny the claim, or any
item therein@).





[8]McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993); City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); see also Stiles v.
Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993) (holding that Aa summary judgment cannot
be affirmed on grounds not expressly set out in the motion or response@).





[9]704 S.W.2d at 917.





[10]Id.





[11]Id.





[12]Id. at 918 (emphasis added).





[13]Id. 





[14]Id.





[15]See Tex. R. Civ. P. 185; see,
e.g., Dulong v. Citibank (S.D.), N.A., 261 S.W.3d 890, 893 n.3 (Tex.
App.CDallas 2008, no pet.)
(noting that suit on account Arequires personal property or services be
provided by the creditor to the debtor@); Hou‑Tex Printers, Inc. v. Marbach,
862 S.W.2d 188, 190 (Tex. App.CHouston [14th Dist.] 1993, no writ) (holding that
action on a promissory note is not included within definition of action on a
sworn account).





[16]Gillis v. MBNA Am. Bank,
N.A.,
No. 02-08-00058-CV, 2009 WL 51027 (Tex. App.CFort Worth Jan. 8, 2009, no pet.) (mem. op.).





[17]See, e.g., Segal v. Emmes
Capital, L.L.C., 155 S.W.3d 267, 272 (Tex. App.CHouston [1st Dist.] 2004, pet. dism=d) (noting that the
parties filed summary judgment motions that did not themselves state any
grounds but instead incorporated by reference other motions or responses and
that A[n]ormally, summary
judgment grounds must be stated in the motion itself, not in an attached brief
or evidence@ but that Ano party complains on
appeal of any other party=s use of the
incorporation‑by‑reference procedure@).





[18]McConnell, 858 S.W.2d at 342.





[19]Id. (quoting Great‑Ness
Prof=l Servs., 704 S.W.2d at 918); see
also Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990)
(stating that A[a] summary judgment
movant may not be granted judgment as a matter of law on a cause of action not
addressed in a summary judgment proceeding@ and that Ain order to conclusively establish the requisite
essential element or elements, the motion must identify or address the cause
of action or defense and its elements@) (emphasis added).





[20]See Tex. R. App. P. 47.1.





[1]See Tex. R. App. P.
44.1(a)(1).





[2]See Montgomery First
Corp. v. Caprock Inv. Corp., 89 S.W.3d 179, 186 (Tex. App.CEastland 2002, no pet.); see also Cadle Co. v.
Bankston & Lobingier, 868 S.W.2d 918, 921 (Tex. App.CFort Worth 1994), writ
denied per curiam on other grounds, 893 S.W.2d 949 (Tex.) (stating that
plaintiff must prove that Aplaintiff is the present holder of the note@ to recover under the
note), cert. denied, 516 U.S. 810 (1995).





[3]169 S.W.3d 402 (Tex. App.CFort Worth 2005, no
pet.).





[4]Id. at 410.





[5]See id.





[6]See Tex. R. App. P. 33.1(a);
Kyle v. Countrywide Home Loans, Inc., 232 S.W.3d 355, 358 (Tex. App.CDallas 2007, pet.
denied); see also Tex. R. Evid. 902(10)(b).





[7]See Tex. R. App. P. 33.1(a).





[8]See Kyle, 232 S.W.3d at 362
(rejecting argument that original note was required as proof when lender did
not seek to recover on note but sued to quiet title and for declaratory
judgment for judicial foreclosure pursuant to deed of trust).