

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-191-CV

ROBERT V. MARK AND                                          APPELLANTS
DIANNE L. MARK

V.

HOUSEHOLD FINANCE                                           APPELLEE
CORPORATION III

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

The trial court granted summary judgment for Appellee Household Finance

Corporation III on its foreclosure action against Appellants Robert V. Mark and

Dianne L. Mark (collectively, "the Marks"), and the Marks appeal. Because we

hold that the trial court erred by granting summary judgment, we reverse.

Household Finance sued the Marks seeking judicial foreclosure of the

Marks' homestead property under a deed of trust. After the Marks filed a

general denial, Household Finance filed a traditional motion for summary

judgment, asserting that it had brought suit on a sworn account under rule 185 of the rules of civil procedure and that its evidence established its right to recover on that cause of action as a matter of law. The trial court granted summary judgment, and this appeal followed.

We review a summary judgment de novo.[1] A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim.[2] When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.[3]

The Marks bring four points on appeal. In their first point, they assert that summary judgment was improper because Household Finance sought and was granted summary judgment on an impermissible basis under a sworn account theory inapplicable to the case. They allege that Household Finance's claims, which relate to an alleged balance on a promissory note, are not susceptible to resolution by an action on a sworn account. Because Household Finance did not seek summary judgment on a ground for which such relief

---

[1] *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

[2] *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

[3] *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

might be granted, they argue, the trial court's summary judgment should be reversed.

To constitute an action on a sworn account under rule 185, "the account or liquidated money demand based upon a written contract must involve a claim for goods, wares, merchandise, personal services rendered or labor done or labor or materials furnished."[4] A suit to foreclose on real property, on the other hand, is a legal proceeding seeking the satisfaction of a debt through foreclosure of lien on real property.[5] The basis of such an action is a promissory note secured by a deed of trust or mortgage on real property.[6] In Household Finance's brief, it states that its suit was a suit to foreclose on a lien and not a suit on a sworn account.

In its original petition, Household Finance did seek judicial foreclosure of the deed of trust. But in its summary judgment motion, it stated that its cause of action was "based on an itemized and verified statement of account." It further stated that the "evidence establishes [Household Finance's] right to

---

[4] *Great-Ness Prof'l Servs., Inc. v. First Nat'l Bank of Louisville*, 704 S.W.2d 916, 917 (Tex. App.—Houston [14th Dist.] 1986, no writ).

[5] *See Sloan v. Owners Assoc. of Westfield, Inc.*, 167 S.W.3d 401, 403–04 (Tex. App.—San Antonio 2005, no pet.).

[6] *See Cunningham v. Buel*, 287 S.W. 683, 686 (Tex. Civ. App.—San Antonio 1926, no writ).

recover under the Sworn Account cause of action." It unequivocally states that "[Household Finance's] suit is brought on a sworn account under [rule 185]." Finally, it argued that the Marks had not filed a verified denial of the sworn account, entitling Household Finance to judgment as a matter of law under rule 185.[7] Thus, although Household Finance's pled cause of action was for foreclosure of the deed of trust, its summary judgment motion sought judgment based on the right to judgment on an action on a sworn account.

Summary judgment may only be granted on the specific grounds asserted in the motion.[8] In *Great-Ness Professional Services, Inc. v. First National Bank of Louisville*, the Fourteenth Court of Appeals considered whether the trial court erred by granting summary judgment on a breach of a lease agreement action when the only specific ground for relief asserted in the summary judgment motion was that on a sworn account.[9] There was no allegation in the motion that the specific ground for recovery was breach of contract or breach of a

---

[7] *See* Tex. R. Civ. P. 185 (stating that if a party resisting a sworn claim under the rule "does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein").

[8] *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *see also Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) (holding that "a summary judgment cannot be affirmed on grounds not expressly set out in the motion or response").

[9] 704 S.W.2d at 917.

lease agreement.[10] The court noted that "[a] lawsuit based upon breach of a lease agreement is not a suit based upon a sworn account because there has been no purchase and sale, and title to personal property has not passed from one party to the other."[11] And a movant must establish its right to summary judgment on issues expressly presented to the trial court; the movant "cannot be granted a judgment as a matter of law on a cause of action not *specifically addressed* in the summary judgment proceeding."[12] Although the movant's motion may have alluded to a cause of action based upon a breach of a lease agreement, the trial court could not infer or imply grounds for summary judgment.[13] Accordingly, the court of appeals concluded that because the movant's cause of action was for breach of a lease agreement, but its summary judgment ground was for an action on a sworn account, the trial court erred by granting summary judgment.[14]

Similarly, in this case, the only specific ground Household Finance expressly asserted in its motion was for an action on a sworn account. An

---

[10] *Id.*

[11] *Id.*

[12] *Id.* at 918 (emphasis added).

[13] *Id.*

[14] *Id.*

action for judicial foreclosure on a lien on real property is not an action on a sworn account because it is not a claim founded upon the provision of personal property or personal services.[15]  Thus, because the only specific ground in the summary judgment motion was Household Finance's right to judgment on an action on a sworn account, the trial court erred by granting summary judgment for Household Finance on its foreclosure action.

We note that this court's opinion in *Gillis*[16] is distinguishable.  The issue in that case was whether the trial court had granted summary judgment on a cause of action that was never pled.  MBNA referred to its claim as a "suit on an account," i.e., a credit card account.  In its summary judgment motion, MBNA did not characterize its suit as a "suit on a sworn account," it did not use other language to indicate its claim was for a suit on a sworn account (for example, by asserting the lack of a verified denial as a ground for judgment), and it specifically incorporated its pleadings by reference and prayed for summary judgment "as prayed for in [its original petition]."  That original

---

[15] *See* Tex. R. Civ. P. 185; *see, e.g.*, *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 n.3 (Tex. App.—Dallas 2008, no pet.) (noting that suit on account "requires personal property or services be provided by the creditor to the debtor"); *Hou-Tex Printers, Inc. v. Marbach*, 862 S.W.2d 188, 190 (Tex. App.—Houston [14th Dist.] 1993, no writ) (holding that action on a promissory note is not included within definition of action on a sworn account).

[16] *Gillis v. MBNA Am. Bank, N.A.*, No. 02-08-00058-CV, 2009 WL 51027 (Tex. App.—Fort Worth Jan. 8, 2009, no pet.) (mem. op.).

6

petition asked the trial court to confirm an arbitration award on its suit on an account that it had brought against Gillis. Its motion for summary judgment was clearly based on and pointed to the claims it pled in its original petition. And the ground asserted by incorporation was the ground on which summary judgment was granted. That case does not stand for the proposition that a trial court may grant summary judgment on a ground not asserted in a summary judgment motion.

Here, the issue is whether the only ground asserted in Household Finance's summary judgment motion is one for which it could obtain the judicial foreclosure it prayed for in its petition. Unlike in *Gillis*, Household Finance did not expressly incorporate its pleadings into its motion for the purpose of stating summary judgment grounds, so this court could not consider the pleadings as alleging another ground for summary judgment.[17] Although nonmovants must make an exception should they wish to complain on appeal that the movant's grounds were unclear or ambiguous,[18] the Marks make no such complaint here.

---

[17] *See, e.g., Segal v. Emmes Capital, L.L.C.*, 155 S.W.3d 267, 272 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd) (noting that the parties filed summary judgment motions that did not themselves state any grounds but instead incorporated by reference other motions or responses and that "[n]ormally, summary judgment grounds must be stated in the motion itself, not in an attached brief or evidence" but that "no party complains on appeal of any other party's use of the incorporation-by-reference procedure").

[18] *McConnell*, 858 S.W.2d at 342.

Household Finance had to establish its entitlement to summary judgment on the issue expressly presented to the trial court and could not be granted judgment as a matter of law on a cause of action not specifically addressed in its motion for summary judgment.  This court's holding in *Gillis* did not deviate from the supreme court's mandate that "'[a]n appellate court cannot "read between the lines, infer or glean from the pleadings or the proof" any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court in the motion for summary judgment.'"[19]  We sustain the Marks' first point.

Having sustained the Marks' first point, which is dispositive,[20] we reverse the judgment of the trial court and remand this case for further proceedings.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

CAYCE, C.J. filed a dissenting opinion.

DELIVERED:  August 31, 2009

---

[19] *Id.* (quoting *Great-Ness Prof'l Servs.*, 704 S.W.2d at 918); *see also Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990) (stating that "[a] summary judgment movant may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding" and that "in order to conclusively establish the requisite essential element or elements, the motion *must identify or address the cause of action or defense and its elements*") (emphasis added).

[20] *See* Tex. R. App. P. 47.1.



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-191-CV

ROBERT V. MARK AND                                         APPELLANTS
DIANNE L. MARK

V.

HOUSEHOLD FINANCE                                          APPELLEE
CORPORATION III

------------

## FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

## DISSENTING OPINION

------------

I respectfully dissent. The summary judgment order reflects that the relief

awarded by the trial court—a judicial foreclosure to recover on a loan agreement

and deed of trust—is exactly the relief Household sought in its live pleading and

in its summary judgment motion. The record does not contain any special

exceptions from the Marks seeking clarification about the relief sought by way

of the summary judgment motion. Under these circumstances, any error in the

summary judgment motion in identifying or labeling the cause of action under

which relief was sought is harmless.[1]  I would, therefore, overrule the Marks's

first point.

In their second point, the Marks contend that summary judgment was

improper because Household did not establish legal ownership of the promissory

note and lien upon which it sued.  Under Texas law, to recover on a promissory

note, a plaintiff must prove four elements:  (1) the existence of the note; (2)

that defendants signed the note; (3) that plaintiff is the legal owner and holder

of the note; and (4) that a certain balance is due and owing on the note.[2]

In *FFP Marketing Co. v. Long Lane Master Trust IV*,[3] we stated that "a

photocopy of a note attached to the affidavit of the holder, who swears that

it is a true and correct copy of the note, is sufficient as a matter of law to prove

the status of owner and holder of the note absent controverting summary

judgment evidence."[4]  Household verified two documents — its original petition

---

[1] *See* Tex. R. App. P. 44.1(a)(1).

[2] *See Montgomery First Corp. v. Caprock Inv. Corp.*, 89 S.W.3d 179, 186 (Tex. App. — Eastland 2002, no pet.); *see also Cadle Co. v. Bankston & Lobingier*, 868 S.W.2d 918, 921 (Tex. App. — Fort Worth 1994), *writ denied per curiam on other grounds*, 893 S.W.2d 949 (Tex.) (stating that plaintiff must prove that "plaintiff is the present holder of the note" to recover under the note), *cert. denied*, 516 U.S. 810 (1995).

[3] 169 S.W.3d 402 (Tex. App. — Fort Worth 2005, no pet.).

[4] *Id.* at 410.

and the demand letter from its counsel—that identify it as the legal owner and holder of the note. This evidence sufficiently established that Household owned and held the note and lien, shifting the burden to the Marks to present controverting summary judgment evidence.[5] The Marks did not present any summary judgment evidence. I would, therefore, overrule the Marks's second point.

In their third and fourth points, the Marks challenge Household's summary judgment evidence as incompetent, inconsistent, and unreliable. I address each of the Marks's specific complaints in turn:

The Marks assert that the affidavit of Tom Lenz, filed in support of Household's summary judgment motion, is incompetent as a business record affidavit. However, the Marks did not obtain a ruling from the trial court on any objections to the Lenz affidavit. Accordingly, this ground is waived.[6]

The Marks also argue that the Lenz affidavit is incompetent because Lenz does not assert directly in the affidavit that Household is the legal owner and holder of the note and lien. But the Lenz affidavit states that Lenz has reviewed the assertions of fact in Household's original petition and swears that

---

[5] *See id.*

[6] *See* Tex. R. App. P. 33.1(a); *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 358 (Tex. App.—Dallas 2007, pet. denied); *see also* Tex. R. Evid. 902(10)(b).

those assertions are true and correct. Among the assertions in Household's petition is that Household "is the legal owner and holder of the Loan Agreement and Deed of Trust." The affidavit sufficiently alleged ownership.

The Marks further assert that the Lenz affidavit is unreliable and inconsistent because it refers to an interest rate different than the one stated on the promissory note. The Marks failed, however, to present this issue to the trial court and raise it for the first time on appeal. This issue is, therefore, waived.[7]

Finally, the Marks contend that Household's failure to produce the promissory note as part of its summary judgment evidence precludes summary judgment for Household. The Marks overlook that Household did not sue directly on the note but rather sought a declaratory judgment for judicial foreclosure based on the loan agreement and deed of trust. Accordingly, I would hold that the trial court did not err by granting summary judgment, despite the absence of the promissory note from the summary judgment proof,[8] and overrule the Marks's third and fourth points.

---

[7] *See* Tex. R. App. P. 33.1(a).

[8] *See Kyle*, 232 S.W.3d at 362 (rejecting argument that original note was required as proof when lender did not seek to recover on note but sued to quiet title and for declaratory judgment for judicial foreclosure pursuant to deed of trust).

4

For the foregoing reasons, I would affirm the trial court's summary judgment.

JOHN CAYCE
CHIEF JUSTICE

DELIVERED:  August 31, 2009

5