Neil BRANS, Appellant,

v.

OFFICE BUILDING MANAGERS, INC., Appellee.

No. 20111.

Court of Civil Appeals of Texas, Dallas.

Jan. 16, 1980.

Lee S. Bane, Neil Brans, Dallas, for appellant.

Aaron S. Kaufman, Oster & Kaufman, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

STOREY, Justice.

Plaintiff, Office Building Managers, Inc., sued defendant, Neil Brans, to collect rents and service charges alleged to be owing to it under an oral lease agreement. Trial before the court resulted in judgment for plaintiff, and defendant has appealed urging that plaintiff failed to offer proof that it had the right to collect any obligation owed by defendant. Defendant also contends that the evidence offered to prove the debt was not admissible under the business records exception to the hearsay rule. We agree with defendant's contentions and, consequently, reverse the trial court's judgment.

■ The record contains no evidence that defendant ever entered into any agreement to occupy premises owned by plaintiff or that he ever obligated himself to pay rent to plaintiff. On the contrary, defendant's undisputed testimony shows that no landlord-tenant relationship ever existed between him and plaintiff. He testified that he initially occupied office space in Mercantile Bank Building in about 1960 under a written lease with Mercantile Bank Building. When the written lease expired, he continued to occupy the premises as a month-to-month tenant. He was not aware of the existence of Office Building Managers, Inc. until this suit was filed. The monthly invoices furnished him for rent and electricity charges were prepared on Mercantile Bank Building letterheads, and his checks were made payable to Mercantile Bank Building. Despite this testimony, plaintiff offered no evidence to show that it was the owner of the leased premises or of the lease; nor did it show that it had any right as agent, assignee or otherwise to collect rents from the premises. We conclude, under this state of the record, that plaintiff has failed to prove an essential element of its cause of action.

■ Plaintiff contends, however, that defendant may not question its right to sue because he failed to plead its lack of capacity as required by Tex.R.Civ.P. 93(c). Rule 93(c) requires that a denial of plaintiff's right to recover in the capacity in which he sues be affirmatively pleaded and verified by affidavit. We do not agree that the question here is one of capacity. There is no contention that plaintiff is seeking recovery under any right other than its own. Consequently, defendant's general denial placed in issue all of the allegations contained in plaintiff's petition, including the right to recover. Tex.R.Civ.P. 92; *See Trevino v. American National Insurance Co.*, 140 Tex. 500, 168 S.W.2d 656, 659 (1943); *Carter v. Wallace*, 2 Tex. 206 (1847); *Housing Authority of Harlingen v. Velasquez*, 539 S.W.2d 911, 913 (Tex.Civ.App.-Corpus Christi 1976, writ ref'd n. r. e.). Only if plaintiff were seeking recovery in a representative capacity would it become necessary for defendant to deny its capacity under rule 93(c). We conclude, therefore, that defendant's first point must be sustained, and the trial court's judgment reversed.

We further conclude that the interest of justice requires appellant's alternative prayer for relief be granted and this case remanded for further proceedings in the trial court. Consequently, appellant's remaining point concerning sufficiency of appellee's proof of its business records will be considered.

■ Appellee attempted to prove its debt by offering copies of tenant ledger sheets which its witness, David Allen, testified were reproduced from the company books. These ledger sheets were inadmissible unless proved as an exception to the hearsay rule under Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp. 1979), which provides in pertinent part:

Section 1. A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or

the existence of the condition if the judge finds that:

.    .    .    .    .

(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such a memorandum or record or to transmit information thereof to be included in such memorandum or record   .   .   . .

.    .    .    .    .

Section 2. The identity and mode of preparation of the memorandum or record in accordance with the provisions of paragraph one (1) may be proved by the testimony of the entrant, *custodian or other qualified witness* even though he may not have personal knowledge as to the various items or contents of such memorandum or record.   .   .   . [Emphasis added.]

The witness Allen testified that he went to work for appellee in April 1978. It is apparent, therefore, that he could not possess the personal knowledge required by article 3737e of the transactions here involved, because the rents sued for accrued during 1975 and 1976. The question then is whether there was proof that Allen was a "custodian or other qualified witness" in order to dispense with the personal knowledge requirement of the statute. The only evidence on this question was Allen's statement that he was treasurer of Office Building Managers, Inc. This evidence alone is insufficient to prove he was custodian of the company books or otherwise qualified, because the duties of a subordinate corporate officer cannot be inferred merely from an official title, but rather are defined in the corporation's bylaws. Tex.Bus.Corp. Act Ann. art. 2.42 (Vernon 1956). We, therefore, sustain appellant's second point.

Reversed and remanded.