Jack B. KYLE and Janice
M. Kyle, Appellants

v.

COUNTRYWIDE HOME LOANS, INC.,
as servicer for Mortgage Electronic
Registration Systems, Inc., Appellee.

No. 05–06–00304–CV.

Court of Appeals of Texas,
Dallas.

Aug. 21, 2007.

Michael Brinkley, Fort Worth, for appellants.

Gregory T. Pratt, Barrett, Burke, Wilson, Castle, Daffin & Frappier, Addison, for appellee.

Before Justices O'NEILL, LANG–MIERS, and MAZZANT.

## OPINION

Opinion by Justice LANG–MIERS.

Appellants Jack B. Kyle and Janice M. Kyle (the Kyles) appeal the summary

judgment rendered against them in favor of appellee Countrywide Home Loans, Inc. (Countrywide). In three issues, the Kyles challenge Countrywide's summary judgment evidence and the documents attached to the order granting summary judgment. We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2001, the Kyles borrowed money from Countrywide to buy a house in Rockwall, Texas. The loan was secured by a lien on the house. It appears from the record that in 2003, the Kyles quit making payments on the loan. Countrywide claims that the Kyles or their representatives also filed documents in the county property records that were part of a fraudulent mortgage elimination scheme.

Countrywide filed suit to foreclose its lien on the property and to expunge the claimed fraudulent property records. Countrywide also moved for summary judgment on its claims and submitted an affidavit from Countrywide's custodian of records, along with other documents, as summary judgment evidence. The Kyles opposed the motion but did not submit any evidence in response to Countrywide's motion. The trial court granted summary judgment in favor of Countrywide. The Kyles appeal that judgment.

### STANDARD OF REVIEW

The movant for traditional summary judgment has the burden of proving that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. TEX.R. CIV. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.1985). When, as here, the plaintiff moves for summary judgment, the plaintiff must conclusively prove all elements of its cause of action as a matter of law. TEX.R. CIV. P. 166a(c); Nationwide Prop. & Cas. Ins. Co. v.

McFarland, 887 S.W.2d 487, 490 (Tex. App.-Dallas 1994, writ denied). A matter is conclusively proven if ordinary minds could not differ as to the conclusion to be drawn from the evidence. Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex.1982). Once the plaintiff conclusively proves its right to summary judgment as a matter of law, the burden then shifts to the defendant as non-movant to present evidence that raises a genuine issue of material fact, thereby precluding summary judgment. See Pace v. Pace, 160 S.W.3d 706, 714 (Tex.App.-Dallas 2005, pet. denied) (citing City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678–79 (Tex.1979)). We review a grant of summary judgment de novo. Thomann v. Lakes Reg'l MHMR Ctr., 162 S.W.3d 788, 794–95 (Tex. App.-Dallas 2005, no pet.). In reviewing the grant of a summary judgment, we take as true all evidence favorable to the non-movant and resolve in the nonmovant's favor all reasonable inferences, including any doubts. Nixon, 690 S.W.2d at 548–49.

### ANALYSIS

#### A. The Competence of Countrywide's Summary Judgment Evidence

In their first issue, the Kyles argue that the affidavit of Countrywide's custodian of records, Jehnesa Washington, was not competent summary judgment evidence. At the outset, we note that the trial court did not rule on the Kyles' objections to the affidavit. As a result, their objections as to the form of the affidavit are waived. See Hogan v. J. Higgins Trucking, Inc., 197 S.W.3d 879, 883 (Tex. App.-Dallas 2006, no pet.) ("there must be some indication that the trial court ruled on the objections in the record or in the summary judgment itself, other than the mere granting of the summary judgment"). Additionally, the Kyles' objec-

tions as to the substance of the affidavit are vague and overbroad and, as such, do not preserve their complaints for our review. *See Stewart v. Sanmina Tex., L.P.,* 156 S.W.3d 198, 207 (Tex.App.-Dallas 2005, no pet.) (objections insufficient if they do not state specific basis for objection to particular statement). Nevertheless, and to the extent we can identify the objections, they are without merit.

■ The Kyles first argue that Washington's affidavit is defective because it "was made by a person whose position and responsibilities with [a]ppellee were not clearly identified" and therefore that it does not satisfy the requirements of Texas Rule of Civil Procedure 166a(f). *See* Tex.R. Civ. P. 166a(f) (affidavit filed in support of motion for summary judgment "shall be made on personal knowledge . . . and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). The Kyles cite *Brans v. Office Building Managers, Inc.,* 593 S.W.2d 414 (Tex.Civ.App.-Dallas 1980, no writ), in support of their position. In *Brans,* the court concluded that a company's business records constituted inadmissible hearsay because the witness who testified about those records did not testify that he was " 'a custodian of records' in order to dispense with the personal knowledge requirement" of the business-records exception to the hearsay rule. *Brans,* 593 S.W.2d at 416.

Unlike the witness in *Brans,* Washington testified in her affidavit that she is both "the Foreclosure Specialist for Countrywide Home Loans, Inc." and "the custodian of Movant's [i.e., Countrywide's] records with respect to default servicing of the Mortgagors' [i.e., the Kyles'] loan." This statement sufficiently identifies Washington's position and responsibilities. *See Stucki v. Noble,* 963 S.W.2d 776, 780 (Tex.App.-San Antonio 1998, pet. denied)

(affidavit satisfies personal knowledge requirement under Texas Rule of Civil Procedure 166a(f) if it describes relationship between affiant and case "so that it may be reasonably assumed that the affiant has personal knowledge of the facts stated in the affidavit."); *Waite v. BancTexas-Houston, N.A.,* 792 S.W.2d 538, 540 (Tex.App.-Houston [1st Dist.] 1990, no writ) (employee's affidavit sufficient to show personal knowledge because it "states that he is the assistant bank vice-president in charge of loans, and was responsible for loans such as those in issue.").

■ The Kyles also argue that because the affidavit indicates that it was notarized "only a short drive from [a]ppellee's law firm," rather than at Countrywide's corporate headquarters in California, the notarization "indicates that [Washington] might even be employed here by [a]ppellee's law firm." The Kyles did not submit any evidence to support this allegation or to contradict Washington's affidavit. Instead, they offer mere speculation or conjecture, which is not enough to render Washington's affidavit incompetent or to defeat Countrywide's motion. *See Pace,* 160 S.W.3d at 714 (once plaintiff establishes through competent evidence that it is entitled to judgment as a matter of law, defendant must cite evidence that creates a genuine issue of material fact to defeat summary judgment); *Boudreau v. Fed. Trust Bank,* 115 S.W.3d 740, 742–43 (Tex.App.-Dallas 2003, pet. denied) (if plaintiff's motion for summary judgment is based on competent evidence, defendant cannot defeat that motion by "simply making assertions and arguments"); *Martin v. Cadle Co.,* 133 S.W.3d 897, 904 (Tex.App.-Dallas 2004, pet. denied) (defendants' mere speculation will not defeat plaintiff's competent summary judgment evidence).

■ The Kyles further contend that the Washington affidavit is defective under

Texas Rule of Civil Procedure 166a(f) because the case caption at the top of the first page identifies the case as pending in Dallas County, "where [a]ppellee's law firm is situated," instead of in Rockwall County, where the case was actually pending. The Kyles contend that listing the wrong county in the caption does not "show affirmatively that the affiant is competent to testify to the matters stated therein." But it is undisputed that the Washington affidavit lists the correct cause number and that it was actually filed in the correct cause in Rockwall County in support of Countrywide's motion for summary judgment. And the Kyles do not cite, and we do not find, any authority to support their argument that, because of this error, the affidavit was not competent summary judgment evidence.

 The Kyles next argue that "there is no clarity whatsoever" concerning which evidence was attached to Countrywide's motion, as opposed to which evidence was attached to the affidavit. They contend that the affidavit does not satisfy the requirements of Texas Rule of Civil Procedure 166a(f), that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith," or of Texas Rule of Evidence 902(10). In response, Countrywide contends that its motion for summary judgment and supporting documents "were filed as one complete document." Countrywide also contends that the Washington affidavit "specifically refers to the accompanying documents by name as attached Exhibits 'A' through 'C' and thus it was sufficiently clear that such documents were incorporated by reference and were being submitted as summary judgment proof along with the affidavit." We note that the clerk's record in this case includes the Motion for Summary Judgment filed by Countrywide. That seventy-seven page filing consists of the motion and briefing itself, followed by the Washington affidavit, followed by property records and other documents, which are referred to in the affidavit as exhibits A through C. Consequently, the record indicates that the evidence was attached in support of or served with the motion. *See* TEX.R. CIV. P. 166a(f). The Kyles do not identify which documents they contend do not comply or how any specific document does not comply with Texas Rule of Civil Procedure 166a(f) or Texas Rule of Evidence 902(10), and their objection is therefore insufficient. *See, e.g., Tri–Steel Structures, Inc. v. Baptist Found.,* 166 S.W.3d 443, 449 (Tex.App.-Fort Worth 2005, pet. denied) (objections waived because they were "non-specific, vague, and not pointed out with sufficient clarity for this court to consider.").

██ The Kyles argue further that the Washington affidavit "did not meet the requirements of Texas Rule of Evidence 902(10) as to the specific necessary capacity and averments in a business records affidavit," because in it (1) "[t]here is no clear identification of the number of pages attached," (2) Washington "strangely avers that [Countrywide] itself maintained the claimed records," not that an officer or employee of Countrywide maintained them, and (3) Washington does not state that "each statement is *true and correct.*" However, although Rule 902(10)(b) sets out a form of affidavit for use when business records are introduced under Rule 803(6), it also specifically states that the form is not exclusive, and that an affidavit must only "substantially compl[y]" with the sample affidavit. TEX.R. EVID. 902(10)(b); *Fullick v. City of Baytown,* 820 S.W.2d 943, 944 (Tex.App.-Houston [1st Dist.] 1991, no writ). Consequently, Washington was not required to recite the exact words that appear in Rule 902(10)(b).

She was also not required to state that all facts in the affidavit are "true and correct." *See Fed. Fin. Co. v. Delgado,* 1 S.W.3d 181, 184 (Tex.App.-Corpus Christi 1999, no pet.) ("[W]here the affidavit does not specifically recite that the facts set forth there are true, but does set out that it is based on personal knowledge and is subscribed to and sworn before a notary public, it is not defective if, when considered in its entirety, its obvious effect is that the affiant is representing that the facts stated therein are true and correct.") (citing, among others, *Connor v. Waltrip,* 791 S.W.2d 537, 539 (Tex.App.-Dallas 1990, no writ)).

▬▬ Finally, the Kyles also argue that "there are numerous statements in the Affidavit which could almost certainly not have been made of Washington's personal knowledge" and that Washington's affidavit "is largely a collection of conclusory statements about events of which she has no personal knowledge for which there is a clear predicate laid." In a series of arguments, they contend that the affidavit contains statements that amount to legal conclusions and complain that the affidavit refers to the Kyles both as "Mortgagors" and as a singular "Defendant," without defining those terms or reciting the Kyles'

names. The Kyles complain about other language in the affidavit and documents attached [1] but do not identify which specific language is objectionable on which basis, or how those alleged deficiencies defeat Countrywide's motion for summary judgment. These objections are not sufficiently specific. *See, e.g., Stewart,* 156 S.W.3d at 207 (objections to affidavit are not sufficiently specific if they do not state particular basis for objection to particular statement). Nevertheless, we conclude that Washington was qualified to attest to the Kyles' default in her capacity as "the custodian of Movant's [i.e., Countrywide's] records with respect to default servicing of the Mortgagors' [i.e., the Kyles'] loan," and that her affidavit is competent evidence of the Kyles' undisputed default on their mortgage.

We conclude that Countrywide submitted competent evidence in support of its motion for summary judgment and overrule the Kyles' first issue.

### B. The Sufficiency of Countrywide's Summary Judgment Evidence

▬▬ In the Kyles' second issue, they argue that summary judgment against them was improper because the promissory note referred to in the deed of

---

1. More specifically, the Kyles complain that the documents attached to the summary judgment motion "include copies of what are purportedly papers filed in public records as well as pages downloaded from the Internet that do not pertain exclusively to the Appellants Kyle in any clear respect." They also complain that the Washington affidavit "does not plausibly say who, when or how the documents were obtained in order for them to arguably have become business records." But the Kyles do not explain specifically which documents are objectionable and instead refer us generally to multiple pages of the record. They also complain that the affidavit "avers that on a date certain, 'Defendant purchased the real property' at issue in this case, but does not provide any predicate for

such claim of knowledge, nor does it identify any particular Defendant." The Kyles also complain that Washington attests to the fact that the deed of trust and promissory note were executed to induce Countrywide to advance purchase money to the Kyles, without describing how Washington could have personal knowledge of this purported fact. Likewise, the Kyles also complain that Washington states in her affidavit that Countrywide is the holder or owner of the promissory note, without "laying any foundation." They also complain that this statement "and the one following it also involve legal conclusions as well as possible lay matters" and that Washington has not demonstrated her "competence to so opine."

trust was not included among the summary judgment evidence. The Kyles cite *Cadle Co. v. Bankston & Lobingier*, 868 S.W.2d 918 (Tex.App.-Fort Worth 1994), *writ denied*, 893 S.W.2d 949 (Tex.1994) (per curiam), to support their argument. In *Cadle*, the court held that in order to recover on a promissory note, the note must be introduced into evidence. *Cadle Co.*, 868 S.W.2d at 921 (citing TEX. BUS. & COM.CODE ANN. § 3.307(b) (Vernon 1968)). But in this case, unlike *Cadle*, Countrywide did not seek to recover on a promissory note. Instead, it moved for summary judgment seeking to quiet title and a "declaratory judgment for judicial foreclosure" "taking all right, title, interest, and possession of the Property pursuant to paragraph 22 of the Deed of Trust." In support of its motion, Countrywide submitted a self-authenticated copy of that deed,[2] and a sworn affidavit of its Foreclosure Specialist and custodian of records stating that the Kyles stopped making payments on their mortgage. The express terms of the deed of trust gave Countrywide the right to seek judicial foreclosure in the event of a default. The trial court granted Countrywide's motion, ordering judicial foreclosure on the deed of trust and removing any clouds on the title to the property. Under the facts of this case, the deed of trust and Washington's testimony about the Kyle's default was sufficient

summary judgment evidence to entitle Countrywide to judgment as a matter of law on its claims against the Kyles.

## C. The Propriety of the Documents Attached to the Summary Judgment Order

██ In their third issue, the Kyles argue that certain documents that were referred to and attached to the summary judgment order signed by the trial court were not properly authenticated or "certified per Texas Rule of Evidence 803(8) or (14)." The trial court described the documents in the portion of its summary judgment order that referred to the Kyles' fraudulent public record filings:

> [A]ll putative claims made by Defendants or on their behalf which cloud title to the Property shall be expunged to include but not limited to the documents attached as Exhibit "A" hereto,[3] it being the intention of the Court to expunge all fraudulent documents filed by Jack B. Kyle, Janice M. Kyle, D. Scott Heineman and Kurt F. Johnson on their behalf, whether filed prior to or after the signing of this judgment, which would affect the ability of a purchaser at a foreclosure sale, or otherwise, from obtaining good and marketable title.

The court did not rely upon these documents to render summary judgment on Countrywide's foreclosure claims.[4] In-

---

**2.** The deed of trust submitted by Countrywide shows a file stamp demonstrating that it was filed in the county real property records. It is therefore self-authenticated under Texas Rule of Evidence 902(4). *See Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 446 (Tex.App.-Houston [1st Dist.] 2006, pet. denied) (copies of mortgage records filestamped to show they were filed in county property records are self-authenticated under Rule 902(4)). Although the Kyles argue that Washington's affidavit is not adequate to authenticate the deed as a business record, publicly filed property records do not have to be authenticated as business records in order to

constitute competent summary judgment evidence. *See Murphy*, 199 S.W.3d at 446.

**3.** The documents attached to the summary judgment order are actually labeled "Exhibit C" (which is how they were labeled in Countrywide's motion for summary judgment). It is not disputed that the documents labeled "Exhibit C" are the documents identified as "Exhibit A" in the summary judgment order.

**4.** All of the documents refer to the property in dispute, and several of the documents indicate that they were filed in the county property records. Although the last document, a

stead, these documents were cited by the court in its summary judgment order as exemplars of fraudulent documents that the court ordered expunged from the property records in order to remove any improper cloud on the title created by these fraudulent filings. And the Kyles cite no authority to support their argument that the court cannot attach unauthenticated exemplars to its summary judgment order. Accordingly, we overrule the Kyles' third and final issue.

CONCLUSION

For the foregoing reasons, we affirm the trial court's summary judgment.

twenty-one-page document entitled "NOTICE, ACCEPTANCE OF CONTRACT, ORDER, DEMAND, INVOICE AND OF INTERNATIONAL COMMERCIAL CLAIM ADMINISTRATIVE REMEDY," does not show a file stamp indicating that it was filed in the county property records, it appears to be signed by appellant Jack Kyle on the bottom of each page.