

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00039-CV

BROOKE A. WEEKS AND CANDI                             APPELLANTS
WEEKS

V.

BANK OF AMERICA, N.A. F/K/A                           APPELLEE
BAC HOME LOANS SERVICING,
L.P. F/K/A COUNTRYWIDE HOME
LOANS SERVICING, LP

----------

## FROM THE 271ST DISTRICT COURT OF WISE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a summary judgment for appellee Bank of America,

N.A.[2] in a suit to recover amounts due on a real property note and for foreclosure

---

[1]*See* Tex. R. App. P. 47.4.

of the deed of trust securing the note. In one issue that contains several subissues, appellants Brooke A. Weeks and Candi Weeks contend that the trial court erred by granting the summary judgment. We affirm.

## Background Facts

In 2004, Brooke purchased real property in Wise County and received a warranty deed, which included a vendor's lien in favor of GreenPoint Mortgage Funding, Inc., from whom he had received a loan to purchase the property. Brooke executed a note payable to GreenPoint, and Brooke and Candi jointly executed a deed of trust naming GreenPoint as the lender and designating Mortgage Electronic Registration Systems, Inc. (MERS) as GreenPoint's nominee and the beneficiary. The deed of trust was recorded in Wise County.

Appellants admit they stopped making payments on the note in 2008 and have not made any payments since then. In 2008 and 2009, they recorded several documents in the Wise County property records purporting to discharge MERS as a beneficiary under the deed of trust, including a quitclaim deed, a special warranty deed, a "Release of Trust Deed," and two UCC financing statements. Appellants concede that these documents were ineffective.[3]

---

[2]Bank of America, N.A. is the successor-in-interest by merger to BAC Home Loans Servicing, LP, which was formerly known as Countrywide Home Loans Servicing, LP.

[3]Appellants have not challenged the parts of the summary judgment expunging these documents.

In September 2010, MERS filed a document in the Wise County property records stating that it had assigned the note and deed of trust to BAC as of July 23, 2010. The document, which was signed by MERS's assistant secretary, Stephen C. Porter, states, "[F]or value received, Holder of the Note and Deed of Trust does hereby evidence and memorialize its transfer and assignment of the Note and Deed of Trust to Assignee on the date of assignment indicated above."

A month later, BAC sued appellants seeking (1) a declaratory judgment that the note and deed of trust created a valid, unreleased lien on the property, (2) a declaratory judgment expunging all documents "published" by appellants that "putatively [a]ffect, encumber or cloud" its interest in the property, and (3) a nonjudicial foreclosure, or in the alternative, a judicial foreclosure.

In September 2012, appellee filed a traditional motion for summary judgment. In the motion, appellee contended that it was the holder of the note, that it had been assigned the deed of trust, and that appellants had engaged in a "scheme" to eliminate its lien against the property by recording false documents. Appellee attached to its motion an affidavit from Jodi Zook, an assistant vice president with Bank of America. Zook averred that Bank of America had merged with BAC in 2011 and was therefore the lawful holder of the note and the beneficiary of the deed of trust. A copy of the certificate of merger filed with the Texas Secretary of State is attached to the motion. Zook also averred that appellants had not made any payments on the loan since August 1, 2008 and that as of February 17, 2012, they owed $427,874.86 on the note.

3

Appellants filed a pro se response to appellee's motion, in which they argued that appellee did not have standing to enforce the note and deed of trust because it had not shown it was a holder in due course. They also contended that as a result of GreenPoint's securitizing the loan the note and deed of trust had been split and could no longer be enforced. Appellants further argued that appellee had not produced an original, "wet ink" note, that the blank endorsement on the note is invalid, that MERS is not a valid agent of GreenPoint and could not validly assign the note and deed of trust, and that the only way appellee could prove a proper chain of title is to produce GreenPoint's pooling and security agreement by which it initially securitized the debt.

Appellants attached an affidavit from Joseph Esquivel, who averred that he is "experienced in Securitization Analysis," that he researches "the Corporate/Trust Documents which are officially filed with the Securities and Exchange Commission," and that he uses licensed software to "see each Note that is held by [a] 'named Trust-Entity' . . . and . . . its current status in real time." He also stated that his experience is based on "many hours of study[,] research[,] and formal training." Esquivel averred that GreenPoint had sold the "intangible payment stream" from the loan as part of a securitized pool soon after it was executed, that this transfer "stripped" the note and deed of trust from the intangible payment stream and from each other rendering them unenforceable together, that the note was not properly endorsed to the purchaser of the securitized loan and thus could not have been validly assigned to appellee by

4

MERS, and that the note and deed of trust are now a nullity and cannot be enforced against appellants.

The trial court granted appellee's motion for summary judgment. The judgment includes a declaration that appellee has "a valid and subsisting lien" against the property and additional declarations purging and expunging the Release of Trust deed, quitclaim deed, financing statements, and "any other instrument purporting to cloud title to the Property now filed or in the future" in the "Official Records of Wise County." The judgment also ordered that appellee could enforce the deed of trust by nonjudicial foreclosure in accordance with section 51.002 of the Texas Property Code.

## Propriety of Summary Judgment

Appellants raise six subissues in their single issue challenging the propriety of the summary judgment.

### Standard of Review

A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v.*

*Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005).

**Admissibility of Esquivel's Affidavit**

Appellants first contend that Esquivel's affidavit was admissible and defeats appellee's grounds for summary judgment. Although Esquivel averred in his affidavit that he is not an attorney and "nothing within this Affidavit should be construed as Legal Opinion or Legal Advice," most of the statements in his affidavit are legal conclusions to which he did not show competence to testify. *See, e.g.*, *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984); *Grace Interest, LLC v. Wallis State Bank*, No. 14-12-00557-CV, 2013 WL 4604570, at *11 (Tex. App.—Houston [14th Dist.] Aug. 29, 2013, pet. filed).

The only factual statement set forth in the affidavit is the assertion that GreenPoint securitized the loan shortly after the note and deed of trust were executed. Taking that factual statement as true, we will address appellants' argument that the securitization of the loan somehow separated the note and deed of trust.

Appellants rely on the United States Supreme Court's decision in *Carpenter v. Longan*, which stated, in part, that an "assignment of [a] note carries

6

[a] mortgage with it, while an assignment of the latter alone is a nullity." 83 U.S. 271, 274 (1872). As the Fifth Circuit Court of Appeals has noted, *Carpenter*, decided in 1872, was construing Colorado territorial law and federal common law and is not apposite. *Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 254 (5th Cir. 2013). Furthermore, in *Martins*, the Fifth Circuit, construing Texas law, held that the split-the-note theory is "inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned." *Id.* at 255 (citing property code section 51.0025 and Texas cases holding that note and deed of trust are not inseparable and may be enforced separately). While we do not hold that the legal effect of the securitization of the loan was to split the note and deed of trust, we agree with the federal court's reasoning in *Martins* and hold that even if it had, appellants' split-the-note argument does not defeat appellee's grounds for summary judgment. *See Arzola v. ACM Props., LP*, No. 04-12-00713-CV, 2013 WL 5948413, at *4 (Tex. App.—San Antonio Nov. 6, 2013, no pet.) (mem. op.) (agreeing with *Martins* and rejecting split-the-note theory raised in defense to summary judgment motion). We overrule appellants' first subissue.

**Validity of Endorsement on Note**

In their second subissue, appellants claim that the blank endorsement on the copy of the note creates a fact issue as to the note's validity under section 3.204 of the business and commerce code because it has no "notations, distinguishing marks," date, or signatures of appellants. However, appellants cite

7

no law requiring such notations, distinguishing marks, date, or signatures. *See* Tex. Bus. & Comm. Code Ann. § 3.204(a) (West 2002) (defining endorsement as a signature by one other than the maker of an instrument that evidences an intent to negotiate or restrict payment of an instrument).

Moreover, appellee was entitled to the relief it sought pursuant to the other summary judgment evidence, including the deed of trust, which was also attached to the motion for summary judgment. *See, e.g.*, *Farkas v. Aurora Loan Servs., LLC*, No. 05-12-01095-CV, 2013 WL 6198344, at *4 (Tex. App.—Dallas Nov. 26, 2013, no pet. h.) (mem. op.); *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 361–62 (Tex. App.—Dallas 2007, pet. denied) (holding that in suit for foreclosure under deed of trust, introduction of note into evidence was unnecessary when other evidence showed borrower was in default on the note). Accordingly, we overrule appellants' second subissue.

**Whether MERS Had Transferrable Interest in Note and Deed of Trust**

In their third subissue, appellants contend that because MERS has asserted in other litigation that it maintains "no actionable interest in mortgage loans," it had no "interest" to transfer here, and thus its purported assignment of the note and deed of trust to BAC was ineffective. *See MERS v. Neb. Dep't of Banking & Fin.*, 704 N.W.2d 784 (Neb. 2005). We have previously discussed the validity of transfers by MERS:

> MERS was created for the purpose of tracking ownership interests in residential mortgages. Entities such as mortgage lenders "subscribe to the MERS system and pay annual fees for the electronic

processing and tracking of ownership and transfers of mortgages." These MERS members "contractually agree to appoint MERS to act as their common agent on all mortgages they register in the MERS system." When a mortgage is executed through a MERS member and registered in the MERS system, it is recorded in the real property records with MERS named on the instrument as nominee[4] or mortgagee of record. While the mortgage is in effect, the original lender may transfer the beneficial ownership or servicing rights on the mortgage to another MERS member, with MERS tracking these electronic transfers; these assignments are not recorded in the real property records. If a MERS member assigns its interest in a mortgage to a non-MERS member, this assignment is recorded in the real property records and MERS deactivates the loan within its system.

*MERS v. Young*, No. 02-08-00088-CV, 2009 WL 1564994, at \*4 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.) (citations omitted). Therefore, we reject appellants' arguments that MERS, acting as nominee on behalf of the lender, could not transfer the note and deed of trust to BAC and that appellee was required to provide evidence of every transfer of the note and deed of trust within the MERS system before the assignment to BAC. *See, e.g.*, *Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 WL 6465637 at \*8 (Tex. App.—Austin Nov. 27, 2013, no pet. h.) (mem. op.); *see also MERS*, 704 N.W.2d at 788 (rejecting argument that MERS is a "mortgage banker" under Nebraska's Mortgage Bankers Registration and Licensing Act and noting that MERS serves

---

[4]Black's Law Dictionary defines "nominee" as a "person designated to act in place of another" or a "party who holds bare legal title for the benefit of others." Black's Law Dictionary 1149 (9th ed. 2009); *see also Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 862 (N.D. Tex. 2013) ("[S]cores of courts have upheld the validity of deeds in which MERS is named nominee and beneficiary.").

only as legal title holder in a nominee capacity and does not extend credit or have independent right to collect debt). We overrule appellants' third subissue.

**Vendor's Lien**

Appellants contend in their fourth subissue that appellee did not produce any evidence that it is the owner of the vendor's lien on the property. However, appellee did not seek to foreclose on the vendor's lien but the deed of trust. Therefore, we overrule appellants' fourth subissue.

**Conclusory Statements in Zook's Affidavit**

In their fifth subissue, appellants contend that the trial court impermissibly relied on Zook's statement in her affidavit that appellee "is the lawful holder of the Note and beneficiary of the Deed of Trust." Their argument is based on their contention that MERS could not have validly assigned the note to BAC and that Zook did not show personal knowledge of the execution of the assignment. Whether this statement is conclusory is immaterial; appellee presented other evidence to the trial court—including a copy of the assignment itself—from which the trial court could have concluded as a matter of law that appellee is the lawful holder of the note and deed of trust. *See Atchley v. Chase Home Fin. LLC*, No. 02-12-00365-CV, 2013 WL 3064444, at *2 (Tex. App.—Fort Worth June 20, 2013, no pet.) (mem. op.). We overrule appellants' fifth subissue.

**Hearsay Objection to Zook's Affidavit Not Preserved**

Finally, appellants argue that the copies of the note and deed of trust attached to the summary judgment motion are inadmissible hearsay and were

not properly authenticated as business records. Appellants failed to object to the evidence on these grounds before the trial court granted summary judgment; thus, they failed to preserve this subissue. *See Wilner v. Deutsche Bank Nat'l Trust Co.*, No. 02-11-00287-CV, 2012 WL 6632508, at *1 n.2 (Tex. App.—Fort Worth Dec. 21, 2012, no pet.) (mem. op.); *Tex. Dev. Co. v. Exxon Mobil Corp.*, 119 S.W.3d 875, 879 (Tex. App.—Eastland 2003, no pet.) (op. on reh'g). We overrule appellants' sixth subissue.

## Conclusion

Having overruled all of the subissues in appellants' sole issue, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DELIVERED:  January 30, 2014