**AFFIRM; and Opinion Filed June 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00482-CV

**ISRAEL GONZALEZ, Appellant**
**V.**
**MCKINNEY DODGE INC. AND GUS RODRIGUEZ, Appellees**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-00441-2013**

## MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Schenck

Appellant Israel Gonzalez brought suit against appellees McKinney Dodge, Inc. and Gus Rodriguez, alleging he was wrongfully terminated from his employment in retaliation for filing a worker's compensation claim, in violation of Texas Labor Code Sections 451.001 and 451.002. Appellees filed a motion for traditional summary judgment asserting, among other grounds, that the retaliatory discharge statute does not apply because Gonzalez voluntarily quit or was released for legitimate, nondiscriminatory reasons. The trial court granted appellees' motion without specifying the grounds on which it was based. Because summary judgment was proper on two of the asserted grounds, we affirm the trial court's judgment. We issue this memorandum opinion because all issues are settled in law. TEX. R. APP. P. 47.4.

## BACKGROUND

Gonzalez filed his original petition on October 17, 2012 alleging that while he was employed by McKinney Dodge, a co-worker attacked him causing him injury. Gonzalez claims McKinney Dodge fired him because he inquired about the availability of worker's compensation benefits for his injury.

Gonzalez served appellees with citation on November 7, 2012. Appellees answered and asserted that Gonzalez's claims were barred by limitations and Gonzalez failed to plead a cause of action against Rodriguez upon which relief may be granted.

On December 16, 2013, appellees filed a motion for traditional summary judgment and a no evidence motion for summary judgment. The trial court granted appellees' motion for traditional summary judgment and denied appellees' no evidence motion.  This appeal followed.

Gonzalez, as a *pro se* appellant, identifies five issues on appeal. They are (1) whether the evidence presented by appellees is legally sufficient, (2) whether the trial court abused its discretion by ruling against appellant's evidence, (3) whether the trial court violated appellant's right to due process by not ruling on his motion to compel and for sanctions, (4) whether the trial court abused its discretion by creating undue burden on him by ordering him to appear for a second deposition, and (5) whether appellant established diligence in pursuing service upon appellees.  Only the first and second issues are relevant to the disposition of the case by the summary judgment.

## STANDARD OF REVIEW

We review the granting of a summary judgment de novo.  *Kyle v. Countrywide Home Loans, Inc.,* 232 S.W.3d 355, 358 (Tex.App.—Dallas 2007, pet. denied). The movant for a traditional summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law.  TEX. R. CIV. P. 166a(c). In

deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, every inference must be indulged in favor of the nonmovant, and any doubts must be resolved in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 549 (Tex. 1985). Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *Kyle,* 232 S.W.3d at 358.

When, as is the case here, a party moves for summary judgment on multiple grounds and the trial court's order granting summary judgment does not specify the ground or grounds on which it was based, a party who appeals that order must negate all possible grounds upon which the order could have been based. *See Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). If an appellant does not challenge each possible ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground. *See, e.g., Carter v. PeopleAnswers, Inc.,* 312 S.W.3d 308, 311 (Tex. App.—Dallas 2010, no pet.).

Appellees asserted five grounds for summary judgment. Three of them are possible grounds for dismissal of Gonzalez's claim of wrongful discharge. They are: (1) Gonzalez's claims are barred by the applicable statute of limitations; (2) the retaliatory discharge statute does not apply because Gonzalez voluntarily quit or was released for legitimate, nondiscriminatory reasons; and (3) Gonzalez failed to plead a cause of action against Rodriguez.

### DISCUSSION

To prevail on their motion for summary judgment on limitations grounds, appellees were required to conclusively prove when Gonzalez's cause of action accrued. *See Dunmore v. Chicago Title Ins. Co.,* 400 S.W.3d 635, 640 (Tex.App.—Dallas 2013, no pet.). Gonzalez asserted a single claim of wrongful discharge. A claim of wrongful discharge generally sounds in

tort and is governed by the two year statute of limitations. *Almazan v. United Servs. Auto. Ass'n, Inc.,* 840 S.W.2d 776, 780 (Tex.App.—San Antonio 1992, writ denied) (cited with approval by *Johnson & Johnson Med., Inc. v. Sanchez,* 924 S.W.2d 925, 927 (Tex. 1996)). A wrongful discharge/retaliation claim accrues when the employee receives notice of termination or when a reasonable person should have known of his termination. *Johnson & Johnson,* 924 S.W.2d at 928.

Appellees' summary judgment evidence included the affidavits of Johnann McCain and Gus Rodriguez. McCain is McKinney Dodge's Controller and Rodriguez is McKinney Dodge's owner and manager. Appellees contend these affidavits establish Gonzalez's employment ended on October 15, 2010, and that this is the accrual date for Gonzalez's wrongful discharge cause of action.

In his first issue, Gonzalez claims affiant McCain's statement that "[o]n or about October 15, 2010, plaintiff called McKinney Dodge and voluntarily quit by announcing that he would not return to work for McKinney Dodge" is insufficient to establish that his claim accrued on October 15, 2010. We agree. The accrual of Gonzalez's claim is crucial to the limitations issue and appellees had the burden to conclusively establish the date. The term "on or about October 15, 2010" does not, under the circumstances presented in this case, satisfy the requirement of specificity for affidavits set forth under rule 166a(c) of the Texas Rules of Civil Procedure. *See Vaughn v. Grand Prairie Indep. Sch. Dist.,* 792 S.W.2d 944 (Tex. 1990). The Supreme Court of Texas stated in the *Vaughn* case that "The term 'on or about' means a date of approximate certainty, with a possible variance of a few days." *Vaughn,* 792 S.W.2d at 944. Because appellees claim Gonzalez filed his suit two days too late, even a minor variance in timing is critical to the limitations issue. The affidavit of McCain does not conclusively establish that Gonzalez's employment ended on October 15, 2010 and does not support summary judgment on

–4–

limitations grounds. Likewise, the affidavit of Rodriguez fails to establish a date certain on which Gonzalez's employment ended. We sustain Gonzalez's first issue as it relates to summary judgment on limitations grounds.

Because we have determined appellees failed to conclusively prove their affirmative defense of limitations, the burden did not shift to Gonzalez to explain any delay of service after limitations expired. *Proulx v. Wells,* 235 S.W.3d 213, 216 (Tex. 2007). Therefore, we need not reach Gonzalez's fifth issue concerning whether he was diligent in obtaining service of citation on appellees. *See* TEX.R.APP. P. 47.1.

To prevail on their motion for summary judgment on the ground that the retaliatory discharge statute does not apply, appellees had to conclusively prove that Gonzalez quit or was released for legitimate, nondiscriminatory reasons. *See Martinez v. El Paso Tool & Die Co., Inc.,* No. 08-99-00459-CV, 2000 WL 1231504, at *4 (Tex.App.—El Paso Aug. 31, 2000, no pet.); *Terry v. Southern Floral Co.,* 927 S.W.2d 254, 257 (Tex.App.—Houston [1st Dist.] 1996, no pet.). Appellees presented evidence that Gonzalez voluntarily quit and that McKinney Dodge did not formulate plans to terminate Gonzalez in retaliation for filing a worker's compensation claim. Consequently, this ground was a proper basis for summary judgment unless Gonzalez presented controverting evidence.

We note that Gonzalez filed his responses to the motions for summary judgment and evidence less than seven days prior to the hearing on appellees' motions for summary judgment. The summary judgment rules provide, except on leave of court, the non-movant, not later than seven days prior to the day of hearing, may file and serve opposing affidavits or other written response. TEX. R. CIV. P. 166a(c). Therefore, Gonzalez had to obtain leave of court for his evidence to be before the court. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). Gonzalez moved for leave to file his late responses but did not obtain a written ruling on same.

Notwithstanding this fact, the trial court considered and ruled on appellees' objections to Gonzalez's evidence, even denying one. In addition, the trial court denied appellees' no evidence motion for summary judgment. By these actions and rulings, it is apparent the trial court treated the evidence as being before the court and permitted the late filing, subject to its rulings on their admission. We will thus consider his evidence and proceed to the merits.

In his second issue, Gonzalez claims the trial court abused its discretion in excluding his evidence. We review a trial court's decision to admit or exclude summary judgment evidence for an abuse of discretion. *Holloway v. Dekkers,* 380 S.W.3d 315, 320 (Tex.App.—Dallas 2012, no pet.). A trial court abuses its discretion when it acts without regard to any guiding rules or principles. *Kugle v. DaimlerChrysler Corp.,* 88 S.W.3d 355, 362 (Tex.App.—San Antonio 2002, no pet.) (en banc). Gonzalez attached only unauthenticated documents to his response to the motion for summary judgment. Unauthenticated or unsworn documents, or documents not supported by any affidavit, are not entitled to consideration as summary judgment evidence. *Medford v. Medford,* 68 S.W.3d 242, 247 (Tex.App.—Fort Worth 2002). Consequently, the trial court did not abuse its discretion in excluding them. *See Blanche v. First Nationwide Mortgage Corp.,* 74 S.W.3d 444, 451 (Tex.App.—Dallas 2002, no pet.). In addition to the unauthenticated documents, Gonzalez included the affidavit of Jesse Walker, a former used car manager of McKinney Dodge. The Walker affidavit contains mainly hearsay statements concerning conversations Walker had with Rodriguez about Gonzalez, which were properly excluded. The only substantive non hearsay statement of Walker is his statement that there was no legitimate reason to release Gonzalez. While this statement is sufficient to raise a fact issue as to whether Gonzalez was released for legitimate, nondiscriminatory reasons, Gonzalez failed to controvert the evidence he voluntarily quit. We overrule Gonzalez's second issue.

Gonzalez does not challenge or negate the failure to state a cause of action against Rodriguez ground for summary judgment. This is a ground on which the trial court could have granted summary judgment for Rodriguez. A claim under the Worker's Compensation Act cannot be brought against one who is not an employer within the meaning of the act. *See Jenkins v. Guardian Indus. Corp.,* 16 S.W.3d 431, 439 (Tex.App.—Waco 2000, pet. denied). The summary judgment evidence conclusively establishes that Gonzalez was employed by McKinney Dodge, not Rodriguez. Rodriguez is not an employer. Thus, summary judgment as to Rodriguez was proper on this ground as well.

In his third and fourth issues, Gonzalez argues the trial court violated his right to due process by not ruling on his motion to compel and for sanctions and imposed an undue burden on him by ordering him to appear for a second deposition. In addition to the fact that Gonzalez did not preserve his third issue for appellate review and the trial court did not abuse its discretion in ordering a second deposition, a ruling in favor of Gonzalez on these issues would not provide him with the relief requested. We overrule Gonzalez's third and fourth issues.

## CONCLUSION

Because no genuine issue of material fact exists regarding how Gonzalez's employment ended and regarding who employed Gonzalez, summary judgment was proper. We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

140482F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ISRAEL GONZALEZ, Appellant

No. 05-14-00482-CV      V.

MCKINNEY DODGE INC., DODGE CITY
OF MCKINNEY AND GUS RODRIGUEZ,
Appellees

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-00441-2013.
Opinion delivered by Justice Schenck.
Justices Lang and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees MCKINNEY DODGE INC., DODGE CITY OF
MCKINNEY AND GUS RODRIGUEZ recover their costs of this appeal from appellant
ISRAEL GONZALEZ.

Judgment entered this 1st day of June, 2015.