**REVERSE and REMAND and Opinion Filed September 20, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00166-CV

## GUSTAVO HINOJOSA, Appellant
## V.
## STEVE LAFREDO, Appellee

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-17926**

## MEMORANDUM OPINION

Before Justices Osborne, Reichek, and Carlyle
Opinion by Justice Reichek

In this breach of contract action, Gustavo Hinojosa appeals the trial court's summary judgment ordering him to pay damages in favor of Steve LaFredo. Because we conclude LaFredo failed to conclusively establish his entitlement to summary judgment, we reverse the trial court's judgment as to the breach of contract claim and remand the cause for further proceedings on that claim.

FACTUAL BACKGROUND

In June 2008, Hinojosa and LaFredo purchased a residential unit in One Arts Plaza in Downtown Dallas. LaFredo paid $204,148.02 for the down payment, $45,966.95 for upgrades to the unit, and $8,851.10 in closing costs, totaling

$258,966.16. The same day, the men signed a written agreement (the "One Arts Plaza Agreement") regarding the "disposition of funds" if they sold the property. The entire agreement provided as follows:

> **Subject: Agreement between Steve LaFredo and Gustavo Hinojosa on disposition of funds from the sale of One Arts Plaza unit #2102**
>
> As it relates to the property at One Arts Plaza unit #2102 the below agree to disperse [sic] funds from the sale or disposition of this property as follows:
>
> The proceeds of the sale of One Arts Plaza unit 2102 will first be dispersed [sic] to Steve LaFredo in the amount of $258,966.16 to repay him for the down payment, upgrades and closing costs for the above listed property. Any other proceeds from the property will be split 50% to each of the parties in this agreement.

After the parties' signatures, the agreement listed the exact amounts of the upgrades, closing costs, and down payment.

More than five years later, the parties sold the One Arts Plaza unit and received $230,371.46 in proceeds from the sale, which was less than the "first" funds that LaFredo was to receive. From those proceeds, $185,288.05 was used to purchase a new residence, the Canton Street condominium. The remaining balance of $45,083.38 was transferred to LaFredo.

Several months later, LaFredo took a job in another city, and Hinojosa subsequently filed for divorce in a Dallas County family court. After a jury found the parties were never married, LaFredo brought this separate lawsuit against Hinojosa to retrieve his personal property and to force the sale of the Canton Street

–2–

condominium. He also asserted a breach of contract claim, alleging he was owed $213,882.78 under the One Arts Plaza Agreement.

LaFredo then filed a traditional motion for partial summary judgment. In the portion of his motion related to the breach of contract claim, LaFredo asserted that under the written agreement with Hinojosa, Hinojosa agreed LaFredo would receive the first $258,966.16 from the sale of the One Arts Plaza unit; the parties received $230,371.46 from the sale, which was less than the amount LaFredo was to receive; LaFredo received only $45,083.38 from the sales proceeds; and LaFredo was owed $213,882.78. As evidence, LaFredo relied on Hinojosa's responses to request for admissions, closing documents, and his own affidavit.

In his response to the motion, Hinojosa asserted summary judgment was improper because LaFredo had failed to establish required elements of breach of contract. First, Hinojosa argued LaFredo failed to establish that he breached the contract and had not "even clearly set out what [Hinojosa's] breach could have been." Second, he asserted that LaFredo had not shown how he was damaged directly as a result of Hinojosa's breach. Hinojosa asserted LaFredo "has not and cannot identify any action taken or not taken by [Hinojosa] that constituted a breach of contract, and furthermore how that action or inaction directly damaged him."

LaFredo filed a supplement to his motion that generally addressed issues not relevant to this appeal. As to the breach of contract, he reiterated his argument that

he was supposed to be "reimbursed" $258,966.16 from the proceeds derived from the sale of One Arts Plaza but received a lesser amount.

The trial court subsequently granted LaFredo's motion, concluding that Hinojosa breached the parties' agreement regarding the disposition of the sale proceeds. After applying an offset of $45,083.38, the court determined LaFredo was entitled to $213,882.78. After the parties settled the remaining issues, the trial court rendered a final judgment. This appeal followed.

ANALYSIS

We review a grant of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In making our review, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubt in the nonmovant's favor. *Id.* The party moving for traditional summary judgment carries the burden of establishing that no material fact issues exists and he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).

When, as here, the plaintiff moves for summary judgment, he must conclusively prove all elements of his cause of action as a matter of law. *Kyle v. Countrywide Home Loans, Inc.,* 232 S.W.3d 355, 358 (Tex. App.—Dallas 2007, pet. denied). A matter is conclusively proven if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Id.* The nonmovant-defendant has no burden to respond unless the plaintiff-movant meets this burden. *See Rhone-*

*Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). Thus, as the plaintiff moving for summary judgment, LaFredo needed to conclusively prove all essential elements of his breach of contract claim.

The elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages to the plaintiff resulting from the breach. *Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 131 (Tex. App.—Dallas 2014, no pet.).

In his sole issue, Hinojosa argues the trial court erred by granting partial summary judgment on the breach of contract claim because (1) the One Arts Plaza Agreement does not meet the requirements of a contract, (2) there was no specifically identified breach on Hinojosa's part, (3) there was no evidence linking the alleged damages to any identified breach by Hinojosa, and (4) the statute of limitations barred the suit. After reviewing the record, we agree LaFredo did not identify, much less conclusively show, any breach of the agreement by Hinojosa.

LaFredo asserts Hinojosa breached the One Arts Plaza Agreement "as he made no monetary contribution to the purchase of the [Canton Street condominium] and he failed to pay LaFredo the sum of $258,996.16." LaFredo asserts that Hinojosa "failed and/or refused to allow LaFredo to receive $213,882.78 directly derived from of [sic] the net proceeds of the sale of One Arts Plaza." But LaFredo

does not direct us to any evidence to support his assertion that Hinojosa took any action with regard to the proceeds.

"'Breach' of a contract occurs when a party fails to perform an act that it has contractually promised to perform." *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 765 (Tex. 2014). Under terms of the agreement, Hinojosa merely agreed to allow the first $258,996.16 in *proceeds from the sale* to go to LaFredo with any remaining proceeds to be split between them. LaFredo does not identify any action taken by Hinojosa that precluded him from receiving any of the proceeds from the sale. To the contrary, the record before us suggests LaFredo received all the available proceeds, used a portion to pay for the Canton Street condominium, and signed a settlement statement reflecting his agreement to this disbursement. That LaFredo spent a portion of the proceeds to purchase the Canton Street condominium is not evidence, much less conclusive evidence, that Hinojosa breached the One Arts Plaza Agreement.

Based on the record before us, we conclude LaFredo has not conclusively shown, as he must, that Hinojosa breached the One Arts Plaza Agreement. We therefore sustain Hinojosa's issue as it relates to the question of breach and do not reach the remaining issues.

We reverse the trial court's judgment with respect to LaFredo's breach of contract claim and remand the cause for further proceedings consistent with this opinion.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

200166F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GUSTAVO NOEL HINOJOSA,
Appellant

No. 05-20-00166-CV     V.

STEVE PAUL LAFREDO, Appellee

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-17926.
Opinion delivered by Justice
Reichek; Justices Osborne and
Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** with respect to the breach of contract claim, and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant GUSTAVO NOEL HINOJOSA recover his costs of this appeal from appellee STEVE PAUL LAFREDO.

Judgment entered September 20, 2021.